■ JOHN H. DAHLKE, Respondent, v. X-L-O AUTOMOTIVE ACCESSORIES, INC., et al., Appellants.— Judgment, Supreme Court, New York County, entered on May 9, 1972, resettling previous judgment dated March 2, 1972, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. In affirming, we view the judgment appealed from as a proper exercise of judicial intervention pursuant to CPLR 7511 (subd. [c]), which clearly empowers a court to amend an arbitration award in order to correct matters of form, or to correct mistakes apparent on the face thereof, such as arithmetical calculations. (See Arbitration Contract and Proceedings, Eager, § 131, p. 344.) Special Term properly amended its previous order herein by specifically stating the amounts involved were to be paid by each of the defendant corporations and that the sums were pursuant to the terms of the agreement. Since, actually, the court could have made such a corrective amendment, *sua sponte*, we do not regard the court's action as one which sought to modify or alter the award in any material way, nor did it seek to impeach the award or enlarge its scope. The propriety of receiving affidavits from the arbitrators after the award presents another matter. The courts have repeatedly stated that an award is presumptively valid, final and binding on the parties, and "Once the arbitrators made their award they became *functus officio*". (*Matter of Eisenstein* [*Rednick*], 8 A D 2d 794; *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, affd. 3 N Y 2d 806; *Matter of Mole* [*Queens Ins. Co.*], 14 A D 2d 1; see, also, Arbitration Contract and Proceedings, Eager, § 124, p. 329.) Unfortunately, Special Term herein

indicated that affidavits from the arbitrators, although submitted after the award, were, notwithstanding, acceptable, as "the explanation of the arbitrator". In this case, we choose to regard these affidavits as surplusage and unnecessary for the corrective action taken by Special Term; they related only to form, did not seek to enlarge or impeach the award, did not represent an attempt by the arbitrators to perform further acts qua arbitrators, and properly viewed, were but a bona fide effort of the arbitrators to reaffirm the award as an aid to the court. However, this represents a practice not to be encouraged, if not deplored, as the submission of such *post factum* affidavits by arbitrators can only serve to weaken and temporize with the finality of such awards. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Tilzer, JJ.