HANA HEATING AND AIR CONDITIONING CO., INC., Plaintiff,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 38, Defendant.

No. 74 Civ. 689.

United States District Court,
S. D. New York.

July 29, 1974.

**1002**

Jackson, Lewis, Schnitzler & Krupman by Melvin S. Katzman, New York City, for plaintiff.

Delson & Gordon by William Basedow, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendant [hereinafter "Local 38"] has moved pursuant to Rule 12(b)(6), F.R.Civ.P., for an order dismissing the complaint on the ground that the cause of action asserted therein has already been determined in an arbitration proceeding heretofore conducted between the parties. For the reasons set forth below, defendant's motion is granted.

On January 11, 1972 plaintiff [hereinafter "Hana"] contracted with a third party to furnish and install sheet metal as required at two construction projects in Westchester County, New York. The work at these two projects was to be performed by mechanics belonging to Local 38, according to the terms and conditions of a collective bargaining agreement [hereinafter "the Agreement"] between Hana and Local # 38.

1. Article X, Section 2 of the Agreement provides in part:

"Grievances not settled [by the parties themselves] may be appealed by either party to the Local Joint Adjustment Board in the area in which the work is performed and such Board shall meet promptly on a date mutually agreeable to the members of the Board. . . ."

2. Article X, Section 3 of the Agreement provides in part:

"Grievances not disposed of under the procedure prescribed in Section 2 of this Article [see footnote 1, supra] because of a deadlock, or failure of such Board to act, may be appealed jointly or by either party

According to the complaint, commencing on February 7, 1972, Local # 38 violated the terms of Article X, Section 7, of the Agreement by directing its members not to work from drawings prepared by another local union, or install duct work fabricated by that union.

Both sides filed grievances concerning the dispute with a "Local Joint Adjustment Board for the Sheet Metal Industry" as contemplated by Article X, Section 2 of the Agreement.[1] However, the Local Joint Adjustment Board "deadlocked" and did not reach a final decision. Thereafter, Hana exercised its option under Article X, Section 3, and appealed for a Joint Adjustment Board Panel Hearing.[2] The Panel convened on May 30, 1972, and heard the joint grievances of Hana and Local # 38. On August 2, 1972, the Panel issued a decision which provided in relevant part:

*"Issue # 1*

It was a unanimous decision of both Panelist (sic) that Local Union # 38 was in violation of Article X, Section 7, however, since no specific damages were requested and also due to other circumstances, both Panelist agreed that damages should not be awarded."

Neither party applied, either to the state or federal courts, to vacate, modify, or set aside the Panel's decision as provided for in New York CPLR § 7511(a), McKinney's Consol.Law, c. 8, and 9 U.S.C. § 10.[3]

to a Panel consisting of one (1) representative appointed by the General President of Sheet Metal Workers' International Association and one (1) representative appointed by the Chairman of the Labor Relations Committee of the Sheet Metal and Air Conditioning Contractors' National Association, Inc."

3. New York CPLR § 7511 provides:

"(a) When application made. An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.

(b) Grounds for vacating.

1. The award shall be vacated on the application of a party who either partici-

By this action filed February 11, 1974, Hana now seeks to recover money damages allegedly caused by Local # 38's work stoppages during February 1972. These same work stoppages, of course, were the subject of the Panel Hearing on May 30, 1972.

As the Panel decision indicates, Hana did not apply to the Local Joint Adjustment Board for money damages, but only sought equitable relief. (Letter from Hana to the Local Joint Adjustment Board dated February 14, 1972).[4] Perhaps, as Hana contends, the Panel exceeded its powers by reaching an issue not specifically tendered to the Local Board.[5] However, if Hana believed that the Panel's ruling on the damage issue was incorrect, or void, its sole remedy was to apply, within 90 days or 3 months of the decision, to the state or federal courts for relief. Dahlke v. X–L–O Automotive Accessories, Inc., 40 A.D.2d 666, 337 N.Y.S.2d 86 (1st Dep't 1972); Mole v. Queen Ins. Co. of America, 14 A.D.2d 1, 217 N.Y.S.2d 330 (4th Dep't 1961). See also, Island Territory of Curacao v. Solitron Devices, Inc., 356 F.Supp. 1, 12 (S.D.N.Y.1973), aff'd 489 F.2d 1313 (2d Cir. 1973).

The principal purpose of arbitration is to "resolve disputes speedily and to avoid the expense and delay of extended court proceedings." Federal Commerce & Navigation Co. v. Kanematsu-Gosho, Ltd., 457 F.2d 387, 389 (2d Cir. 1972). This purpose would be frustrated if Hana were permitted to apply to this

---

pated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:

\* \* \* \* \*

(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; \* \* \*

\* \* \* \* \*

(c) Grounds for modifying. The court shall modify the award if:

\* \* \* \* \*

2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted."

9 U.S.C. § 10 provides:

"[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

\* \* \* \* \*

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

9 U.S.C. § 11 provides:

"[T]he United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

\* \* \* \* \*

(b) Where the arbitrators have awarded upon a matter not submitted to them, un-

less it is a matter not affecting the merits of the decision upon the matter submitted."

4. Although this fact is not determinative of the motion, it seems more likely than not that Hana intentionally split its causes of action against the local union, and withheld its demand for damages from the arbitrators intentionally, and as a matter of tactics. Its primary aim before the panel was to get on with the work on these two large projects. An assault upon the union treasury, by claiming damages for activity which the union claimed was permissible, would have been counterproductive insofar as concerns advancing the work. Having intentionally failed to claim damages, plaintiff may well be barred here. Cf. Tepper Realty Co. v. Mosaic Tile Co., 259 F.Supp. 688, 693 (S.D.N.Y.1966) and cases therein cited in footnote 13; J. Moore, Federal Practice, ¶.405 [7], at 761–65.

5. Article X, Rule 4 of the Agreement pertaining to Panel Hearings provides in part:

"The decision of the hearing Panel shall be confined to the specific questions presented by the parties to the Local Joint Adjustment Board and in general to the evidence produced at the hearing conducted by the Local Joint Adjustment Board."

But, Article X, Section 5 of the Agreement provides in part:

"A Local Joint Adjustment Board, Panel and the National Joint Adjustment Board are empowered to render such decisions and grant such relief to either party as they deem necessary and proper, including awards of damage and other compensation. . . ."

Court for money damages more than 18 months after the Arbitration Panel decided it was not entitled to such relief. This action is nothing more than a belated application to this Court to set aside or modify the terms of the Panel's decision which dealt with the same facts raised here. Whether state or federal law is applied, Hana's application is untimely.[6] The Panel's ruling is *res judicata* of the issues raised by Hana's complaint, and is immune from collateral attack in this manner.

Defendant's motion is granted, and the complaint is dismissed.

So ordered.

---

**6.** See footnote 3, supra. 9 U.S.C. § 12 provides:
  "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."