Morton M. Z. Lynn, J.
One of the inherent problems of the Small Claims Part of this court is the necessity of balancing the need for explicit testimony, required in the other parts of the judicial system, with the need to provide litigants with a speedy and inexpensive method of disposing of claims in which the dollar amount is so small that to require the production of an expert witness would, from a practical point of view and in fact, deprive the parties of their day in court.
Accordingly, the Legislature has exempted the Small Claims Court from the usual rules of evidence and has, by section 1804 of the Uniform City Court Act provided: “ The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, or evidence ”.
In this case, a rug cleaner is suing to recover for services. The testimony shows that the plaintiff cleaned a rug for the *422 defendant, charging $58 for it, which the defendant paid. About three months later, the rug was dirty again and the plaintiff was again called to clean the rug. There is some discrepancy in the testimony as to exactly what transpired, but the court accepts the version that the plaintiff was not asked to “ scotch guard ” the rug the first time, that the plaintiff was asked to “ scotch guard ” it the second time, and that the defendant knew or should have known that this included a recleaning of the rug and that she would be expected to pay for that work as well as the “ scotch guarding ”, and that her paying $20 for the latter service (which she did), would not absolve her from paying $58 for the second cleaning.
The defendant, in addition, however, claims that the rug was not properly cleaned and was, in fact, damaged and ruined by the manner in which the plaintiff performed the work. The plaintiff contends that the work was performed in a proper and workman-like manner. The plaintiff cleaned the rug by the use of brushes and a detergent. The defendant says that the work should have been done by steaming and vacuuming.
It is in this aspect that the problem of hearsay testimony concerning what an expert witness would say arises. The court has been unable to find any case precisely in point; indeed it would be most unlikely, since the entire field of small claims is so new a procedure. The most apropos decision is that of the Third Department in Buonomo v. Stalker (40 A D 2d 733), in which it was said: 1 ‘ This statute was designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to .the use of counsel. To effectuate the purposes of the law, the trial court must be given wide latitude and discretion in the conduct of the proceedings.”
But there is nothing in the statute or the cases which requires that hearsay testimony, although admissible, must be accepted by the court, as the trier of the facts, as credible or controlling. In an excellent article on Small Claims. Courts, in 38 Albany Law Beview 196 (pp. 215-217), it was noted: “ The legislature has also provided that the small claims courts are not to be handicapped in their quest for substantial justice by 'the rules of evidence. This does not necessarily mean, however, that a small claims court will, at a party’s instance, rush headfirst into a disregard for the rules of evidence * * * Even the hearsay rule cannot be entirely disregarded by a small claims court. Clearly, a small claims decision which rests solely upon hearsay evidence cannot stand, even though that court is not *423 bound by the rules of evidence (Citing Levins v. Bucholtz, 2 A D 2d 351.)
Thus, the court is not required to burden the plaintiff with hearsay testimony, untried by any cross-examination, or other tests as to its application to the facts of this ease. The court is not required to shut his eyes and ears to what he has learned, albeit in a lay manner, concerning the proper method of cleaning rugs.
Based upon it, the court certainly cannot rule as a matter of law or fact that the method of cleaning adopted by the plaintiff was improper or not in accord with community standards. While the defendant testified that she had been told in a phone conversation with persons who should know that the rug should have been steamed, the testimony showed that these persons never examined the rug and did not show on what basis they possibly could have founded such an opinion. There would not seem to be any reason to think that the plaintiff is any less expert or less knowledgeable of what is required after seeing the rug, than the defendant’s “ experts ” whose only knowledge is from a telephone conversation with the defendant.
Under all the circumstances, the court can only conclude that the plaintiff is entitled to recover from the defendant the sum of $58 together with $3.20 costs or a total of $61.20 and directs the entry of judgment accordingly.