Burton Sherman, J.
The defendant moves in Small Claims Court to set aside an arbitrator’s award.
At the conclusion of a hearing on January 6, 1976, the arbitrator rendered his award dismissing the complaint and the counterclaim. Later that evening after giving the matter more thought, the arbitrator felt he had made an error. The following morning he made inquiry at the clerk’s office and found that his award had been mailed to the parties. On January 8, 1976, he sought permission to recall his order *327 which was granted in writing by the Administrative Judge. A new award in favor of the plaintiff in the sum of $100 was rendered on January 27, 1976. Defendant International Furniture Rental of New York, Inc., now seeks to set aside this award and reinstatement of the original one on the grounds that once the original award was rendered, the arbitrator’s authority ceased and he could not amend his decision. It relies upon Dahlke v X-L-O Automotive Accessories (40 AD2d 666), which held that once an arbitrator has made his award he becomes functus officio.
The Small Claims Court was established to provide a simplified and informal procedure to adjudicate such claims. "The court shall conduct hearings * * * in such manner as to do substantial justice * * * and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”. (CCA, § 1804.) Under such expressed policy, it cannot be said, in these circumstances, that the arbitrator exceeded his authority. The arbitrators are volunteer members of the New York Bar who, with little recognition, give of their time in the evening to assist the Small Claims Court in disposing of a voluminous case load. They are capable, diligent and dedicated. They hold many hearings in a single evening. While their decisions are usually made at the end of a hearing, to impose irrevocable award making powers upon them without any time period at all for reflection, would impair their effectiveness, especially under the circumstances in this case.
While the court is aware of the case of Flannery v Sahagian (134 NY 85) and the provisions of CPLR 7509 (also see 14 NY Standard Civ Prac Serv 522, Advisory Committee Notes), it is held that such authority, in these circumstances, is not applicable to the Small Claims Court. This decision is of course only applicable to this case and does not hold that under some circumstances an arbitrator’s award would not be final.
The motion is denied.