OPINION OF THE COURT
Herman Cahn, J.
An arbitration has been had .pursuant to a collective bargaining agreement between petitioner union and respondent employer. Petitioner has previously moved to confirm the favorable award, and respondent cross-moved for an order vacating it on the grounds set forth in CPLR 7511 (subd [b], par 1), based upon serious allegations of misconduct on the arbitrator’s part. This court, by order dated April 29, 1980, referred the factual issue of the arbitrator’s misconduct to Trial Term, Part 7, to hear and report. Pending receipt of the referee’s report, both motions were held in abeyance.
Respondent’s attorney then served a subpoena duces tecum on the arbitrator, requiring attendance for oral deposition and for the production of voluminous records relating to the arbitrator’s activities over a period of time (not directly related to the arbitration involved herein).
The question of whether an arbitrator should be required to submit to an examination, as to his actions in connection *958 with the arbitration proceeding, is raised here. The court has not found any cases on point which are dispositive of this issue, nor have any been cited by counsel.
Petitioner argues that an arbitrator performing a quasi-judicial function should not be required to answer questions as to his decisions or actions. In an analogous situation concerning the receipt of affidavits from an arbitrator, it was stated in Dahlke v X-L-O Automotive Accessories (40 AD2d 666): “The courts have repeatedly stated that an award is presumptively valid, final and binding on the parties, and ‘Once the arbitrators make their award they become functus officio’
It was therefore stated, that the submission of affidavits by arbitrators represents a practice not to be encouraged, if not deplored, as the submission of such post factum affidavits by arbitrators can only serve to weaken and temporize with the finality of such awards. However, the affidavits with which the court was there concerned were attempted explanations of the decision rendered. As such, they were, in effect, an amendment of or addition to the arbitrator’s decision.
Here the court faces a different situation. The arbitrator is alleged to have done certain improper acts. If the allegations are true, they would require the court to void the award. The parties should have an opportunity to question the arbitrator before the hearing as to those alleged acts. What is being inquired into is not the arbitrator’s thought processes, nor is the arbitrator being asked to explain the meaning or intention of his award; he may be only asked what he did or did not do.
The application to examine is made only after a preliminary showing of impropriety. The examination would not be granted but for the preliminary showing. It is not to be a broad examination, but will be limited to questions regarding the specific acts of the arbitrator which have previously been alleged by the respondents.
The motions to quash the subpoena to the arbitrator and to punish the arbitrator for his failure to comply therewith are both denied. However, the arbitrator is directed to appear for examination at a date to be fixed in the order to be entered hereon, but in any event within the next 30 days. *959 The examination is to be limited to the alleged acts of misconduct of the arbitrator; where those acts are alleged to have been conversations, the arbitrator may be questioned as to the substance thereof. He may not be questioned as to the content of his decision. The arbitrator shall produce at the examination only those books and records set forth in the subpoena relating specifically to the arbitration, which is the subject of this proceeding.
A subpoena was also served on the American Arbitration Association, returnable at the hearing before the referee, which essentially called for the production of the records set out in the subpoena served upon the arbitrator, except for the arbitrator’s diary. The court, on oral argument, struck the requirement to produce all records from this subpoena except those directly relating to this arbitration.
Respondent moved for reargument of the original motions to confirm and vacate the arbitrator’s award. Said motion is denied, as no valid ground for reargument has been set forth.
Petitioner moved to stay the hearing until after the arbitrator has been examined. The motion is granted. The order to be submitted herein shall contain a stay to continue for one week after the completion of the examination of the arbitrator.