OPINION OF THE COURT
Paul H. Blaustein, J.
The court has considered the revised award and decision of the arbitrator of November 19, 1982, after reconsideration and vacates the prior judgment of September 22,1982 and enters judgment based on the revised award for plaintiff in the amount of $855 plus costs. Defendant has objected to the reconsideration by the arbitrator and this court’s order that the matter be reconsidered.
The arbitrator must have some residual power, at least when the court approves, to correct a glaring error, for example in typing or arithmetic. The arbitrator’s power to correct a more significant error, such as one of law, on request of a party, timely brought, on notice, and pursuant to court approval should not be absolutely eliminated or extinguished, for the reasons set forth in Judge Heap’s opinion of November 24,1982. A claimant whose rights are adversely affected only because of an uncorrectable error may be denied fair treatment, perhaps even due process.
A court has power to correct a wide variety of error and has the inherent power to vacate or modify an erroneous judgment in the interest of justice. In this respect, the court is bound by its small claims charter (UCCA 1804), to do substantial justice in accordance with the principles of substantive law and is not bound by any rule of procedure. This court not only has inherent power to exercise control *1059 over its judgments, in the furtherance of justice, but its power is reinforced by the directive of UCCA 1804 to see that substantial justice is done.
In Ladd v Stevenson (112 NY 325, 332) it is said that the court “in the exercise of its control over its judgments * * * may open them upon the application of anyone for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent”. The principle has not been doubted. (Government Employees Ins. Co. v Employers Commercial Union Ins. Co., 62 AD2d 123; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12.)
The need to provide an appropriate mechanism to correct irregular decisions and error is recognized by all. (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.01.) This power to meet this need cannot be entirely extinguished since error is common and human.
Therefore, I conclude that the consent to arbitrate agreement does not, and cannot be a limitation on either the court’s or the arbitrator’s power, at least to the extent of allowing reconsideration by the arbitrator to correct error. See Knoweles v International Furniture Rental of N. Y. (87 Misc 2d 326) with which I agree.
Accordingly, judgment has been entered in the amount of $855 plus costs and the prior judgment has been vacated.