■ MICHAEL CAVALLARO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.

By the original arbitration award of June 23, 1983, the petitioner was awarded $363.54 in medical expenses, together with interest on that total running from November 9, 1978, and an attorney's fee of $1,500. Thereafter, the petitioner sought to modify the award so that interest would run not only on the medical expenses but on "all payments made by the respondent". On September 20, 1983, that application was denied, and the arbitrator reaffirmed the original award in all respects. The petitioner then made a further application for clarification of the award, seeking specifically to determine if interest was to run only on the medical benefits, or on all other benefits as well. This application was granted, and the arbitrator clarified his award by stating that "[t]he Respondent shall pay interest *on the Medical expenses awarded to the claimant* at the rate of two percent (2%) per month, compounded, from November 9, 1978 to the date of payment" (emphasis added).

The petitioner then commenced the instant proceeding to confirm the award including in his papers an affirmation of the arbitrator, dated July 6, 1984, over one year after the award in question, in which he stated that it had been his intention to award interest from November 9, 1978, on late payments by the appellant of both the petitioner's lost wages and overdue medical expenses. Over the opposition of the appellant, Special Term granted the application to confirm the award "as modified by the Affirmation of the Arbitrator". This was error.

The purported modification, substantially expanding the arbitration award, exceeded the authority of the arbitrator (see, CPLR 7509, 7511 [c]). Additionally, the consideration of statements of an arbitrator with respect to his intentions, or his interpretation of the award is a practice which has been disapproved in the past (see, e.g., Dahlke v X-L-O Automotive Accessories, 40 AD2d 666; Matter of Weiner Co. [Freund Co.], 2 AD2d 341, affd 3 NY2d 806). Where, as here, the affirmation in question was not the result of an application to modify (cf. Matter of Board of Educ. [Florida Teachers Assn.], 104 AD2d 412, affd 64 NY2d 824), and, in fact, contradicted the award on its face and the decisions of two previous applications for modification and clarification, it should not have been considered. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.