OPINION OF THE COURT
Frank M. Klinger, J.
This case presents some very interesting questions about some extremely common but rather sticky issues upon which there has not been a great deal written, to wit: to what extent must an unrepresented litigant in Small Claims Court prove his or her damages in order to recover a judgment? Procedurally, what should the court do if the unrepresented litigant *13 does not prove his damages? How much assistance should the court provide? Is it necessary to state and/or prove the value of items on the date of their damage — or is proof of their purchase price some time before sufficient?
Although there has been relatively little written on these topics, questions such as these are extremely common since Small Claims Court is designed for the presentation of claims by unrepresented litigants, and, of course, in the vast majority of cases, plaintiffs in small claims do represent themselves. I dare say that many, if not most, of the claimants or plaintiffs are not sufficiently knowledgeable to prove or establish their damages without some assistance from the court. Indeed it has been this court’s experience that many claimants, despite the written instructions from the Office of Court Administration informing them of the need to prove their damages, will invariably present their entire case to establish a cause of action and then indicate that they are finished — without even mentioning, let alone proving the amount of their damages. Many apparently believe that simply stating the amount of their damages in the complaint was enough.
How are we to deal with such cases? The case law and common sense appears clear that we are to assist these unrepresented litigants by inquiring as to their damages. To do so we should ask whatever questions are necessary to permit a recovery if a cause of action be established.
In this case, the plaintiff, a tenant, established that the roof was leaking in the kitchen and that the plaintiff tenant informed the landlord defendant that the plaintiff would be leaving on September 25.
There is no question that the landlord hired a repairman who was repairing the roof for at least several days prior to the 25th and that the roof had stopped leaking, even though the testimony indicated that it had rained several times during that period. The plaintiff was therefore certainly justified in relying upon the roof being intact.
The plaintiff moved a good many of his belongings into the kitchen the night before he moved out so as to provide easier access to the door. Unfortunately, that night, apparently because the wind blew a cover off the roof, the roof leaked again heavily soaking the plaintiff’s belongings.
Whether the roofing contractor was responsible or negligent is not before us, as he is not a party defendant. The plaintiff’s cause of action against the defendant is simple, clear and *14 unquestionably established. Section 235-b of the Real Property Law provides an absolute warranty of habitability which renders any landlord absolutely liable to keep the premises habitable for tenants. "Fault” or "negligence” is of course not the issue. The statutory warranty as enacted by our Legislature is absolute. A roof over one’s head, one which does not leak, is a classic example of this statutory warranty of habitability.
Clearly this warranty was breached, although obviously unintentionally so, and clearly the tenant is entitled to his damages. Therein commences the problem. The plaintiff testified and his testimony was not in any way disputed, that all of his items of personal property were completely soaked and rendered useless. These included an electrical stove, trash compactor, kitchen cabinet, dresser, grill, camera and various items of personal clothing.
The plaintiff provided the court with the purchase price of all of these items, which totaled $2,533.56. The plaintiff has sued for $1,500, which is the limit of small claims jurisdiction. The plaintiff who proceeded pro se provided no other proof as to the amount of his damages, except that certain pictures showing the damage were admitted into evidence. Fuchsberg, Encyclopedia of New York Law, Damages (vol 9, ch 13, § 199, at 196) states that: "It has been said that if no attempt is made to discredit the testimony of a party as to the value of property or services, though he may be deemed a biased witness, full credit may and, as a general rule, should be given thereto”.
Defendant, here, represented by an attorney, requests that the claim be dismissed or that, in the alternative, the plaintiff be granted nominal judgment in the amount of $1, for the reason that the plaintiff never stated in so many words what the value of his items was at the time that they were damaged. No one asked him precisely that question. Yet defendant’s argument is well taken and reasonably supported by the case law.
The case law as to how much proof is required as to value of these items is by no means totally clear, and generally concerns criminal charges of larceny rather than civil small claims. In People v Carter (19 NY2d 967, 968 [1967]), a one-paragraph decision of the Court of Appeals stated essentially that: "[t]he complainant paid $3,300 for his automobile 10 months prior to its theft. Under the circumstances of this *15 case, such evidence sufficiently established that market value of the automobile was in excess of $500.” (But see, People v Harold, 22 NY2d 443, 445; People v Jackson, 111 AD2d 253.)
More recently we have People v James (111 AD2d 254, 261): "The trial court erred in precluding the owner from giving an opinion as to value”. In his dissenting opinion, Justice Titone stated that: "In any event, an owner’s testimony as to the price paid for an automobile can be competent and sufficient proof of its value” (supra, at 261).
In People v Supino (64 AD2d 720, 721) the Second Department stated that "[c]pst is some proof of the value and, in this case, it is enough”, citing People v Carter (supra). However, in Supino, the Appellate Division discussed a number of other factors pertaining to the automobile in question which definitely appear to have contributed to the decision that the vehicle had a value in excess of $250 at the time of the theft.
The only reported decision close to this issue from a small claims action occurred in Glazer v Quittman (84 Misc 2d 561 [Justice Ct, Vil of Scarsdale 1975]) in which Justice Friedman posed the question: "Is a nonexpert owner of an auto which is damaged through the fault of another to be deprived of a recovery because of the owner’s financial inability to have repairs made or to call an expert? I think not. The owner should be permitted to testify to the value of the auto before and after the accident” (at 561-562). Justice Friedman summarized his decision as follows: "I hold that an owner of an auto, regardless of his expertise, may testify to its value immediately before and immediately after an accident, and that the difference in value is competent evidence as to the damage sustained. The weight of such evidence may be slight. It is, of course subject to attack by the opposing party, who can cross-examine as to the basis of the owner’s testimony, and who can effer his own evidence of damage. Nevertheless, the owner makes a prima facie case with his testimony” (at 562).
The most recent pronouncement on the subject, although back on the issue of stolen property is People v Womble (111 AD2d 283 [2d Dept 1985]): "We have no quarrel with the key principle set forth by the dissent, i.e., that an owner is competent to testify as to the value of his or her jewelry in a criminal prosecution * * * 'The owner of property is presumed to be familiar with its value by reason of inquiries, comparisons, purchases and sales. The weight of such testimony is another question and may be affected by disclosures *16 made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness’
Here, of course, in small claims, the plaintiff apparently made no statement as to the value of his property on the date that the damage was sustained.*
Defense counsel argues that the plaintiff failed to comply with CPLR 4533-a in that he did not produce any itemized bill, invoice or receipt for damages marked "paid”. That section states that such an itemized bill or invoice is prima facie evidence of the value and necessity of such services. That section certainly does not state or imply that it constitutes the exclusive method of proving damages. Indeed, UCCA 1804, specifically applicable to small claims, states that an itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs. That same section states that the court shall conduct hearings upon small claims in such manner to do substantial justice between the parties according to the rules of substantive law, shall not be bound by statutory provisions or rules of practice, procedure, pleading, or evidence and further states that to the extent that the UCCA provisions may conflict with other provisions of civil procedure, the UCCA controls. (See also, Lanni v Clark Disposal, 100 Misc 2d 1023 [City Ct of Albany 1979], which squarely holds that small claims litigants are not bound by CPLR 4533-a.)
However, let us face facts. Many litigants in small claims, despite instructions, do not submit either an itemized bill or invoice or receipts marked paid nor two itemized estimates for services and repairs. In this case, the plaintiff must have believed that obtaining estimates would be a waste of time and money since his property was thoroughly soaked with water and, as far as he is concerned, rendered useless. Can the court make a finding of damages without any estimates or paid receipts?
This is a difficult question. (I have annexed a copy of page four of the Guide to Small Claims Court put out by the New York State Office of Court Administration and given to all plaintiffs to illustrate the uncertainty which presently exists in the State of New York as to the quantum of proof needed *17 to establish damages in a small claims action.) Although we are not bound by statutory provisions or rules of practice or procedure, we must render our decision so as to do substantial justice between the parties according to rules of substantíve law (UCCA 1804). Although some of the dicta could be interpreted to the contrary, the essence of the foregoing case law, I believe, can only be interpreted as indicating that substantive law simply does not allow a judgment to be entered without at least some statement or opinion by the owner as to the value of the items on the date of damage.
Yet, if we grant judgment dismissing the complaint, or, as defense counsel suggests, to the plaintiff in the amount of $1, can anyone rationally suggest in this day and age that we have done "substantial justice between the parties” when it is clear that the plaintiff has obviously sustained damages well in excess of $1? To do so at this point would not be "substantial justice” — it would be a travesty on justice.
In Buonomo v Stalker (40 AD2d 733 [1972]) the Appellate Division, Third Department, stated that: "Section 1804 * * * provides that the 'court shall * * * do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence’. This statute was designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to the use of counsel. To effectuate the purposes of the law, the trial court must be given wide latitude and discretion in the conduct of the proceedings” (emphasis added). (See, Hester v Vincent, 80 Misc 2d 421 [City Ct of Albany 1974], to the same effect; see also, Forte v Westchester Hills Golf Club, 103 Misc 2d 621 [City Ct of White Plains 1980].)
Yet does even 1 out of 100 unrepresented plaintiffs know enough to articulate the magic words "the value of my property at the time it was damaged was”? Is small claims to become something to akin to the old Groucho Marx Show wherein the contestant must say the "magic words”, in order to receive their reward. Shall we, as was done in that show, provide a duck to descend from the ceiling to award the unrepresented litigant his judgment if and only if he mouths these magic words? Assuredly, the duck would not often be needed for, as with the old show, very few contestants will know enough to say the "magic words”.
Yet it was well stated by Judge Pirrone in Selman v Appel’s *18 Garage & Serv. Sta. (73 Misc 2d 581, 582 [City Ct of Long Beach 1973]) that "[t]o require a layman to be possessed of detailed legal knowledge in procedure, or to require him to procure counsel at additional expense, is contrary to the intent of the Legislature in establishing the Small Claims Act”. Or as has been well said by many a litigant in Small Claims Court, "I didn’t think you needed a lawyer for Small Claims”. It seems then that a reasonable judgment for the plaintiff would be contrary to the rules of substantive law and a judgment for the defendant would be contrary to any reasonable concept of justice. What then shall we do?
The solution, I believe, goes back to section 1804 wherein we are not bound by statutory provisions or rules of practice or procedure.
It is certainly a well-established principle that once the proof is in, the case must be decided and may not be reopened. However, such a rule is unquestionably procedural, not to be found in the Small Claims Act and therefore to the extent that it is contrary to UCCA 1804, which holds that the court is not bound by rules of practice or procedure, it need not be followed. State and Federal Administrative Law Judges and Hearing Officers for example can and frequently do require parties to submit additional information or evidence after the hearing has been completed.
The power of the court in small claims to dispense with customary rules of procedural law is illustrated by several cases.
In Selman v Appel’s Garage & Serv. Sta. (supra), the defendant moved to require the plaintiff to serve a bill of particulars. The plaintiff failed to appear on the return date of the motion, an order was apparently granted requiring the bill of particulars and the plaintiff totally failed to submit one. Nonetheless, the defendant’s motion for an order of preclusion was denied in its entirety.
In Johnson v Timmerman (92 Misc 2d 626 [County Ct, Jefferson County 1978]) Judge Aylward held that the requirements of section 50-e of the General Municipal Law and sections 52 and 369 of the County Law requiring the filing of a notice of claim are procedural in nature and therefore not applicable, nor a bar to a small claims action.
Lastly, but perhaps most closely on the point of the procedural issue are two small claims cases, both of which held that a judgment may be properly altered or reversed even after it *19 is rendered, despite the lack of any statutory authorization therefor. (The facts of both of these cases clearly would not have constituted a ground for vacating the judgment under CPLR 5015.)
In Knoweles v International Furniture Rental (87 Misc 2d 326 [Civ Ct, NY County 1976]) a small claims arbitrator rendered a decision. After doing so, later that evening, he gave the matter some more thought and believed that he had been in error. Even though no party moved under the CPLR or otherwise to vacate or amend the judgment, the court permitted the arbitrator to reverse his judgment, a decision which would seem to have been contrary to the provisions of CPLR and appropriate case law, had the matter been outside of small claims.
In a very similar case, the court in Molloy v Froyton (119 Misc 2d 1058 [City Ct of White Plains 1983]) also permitted the arbitrator in small claims to overturn a decision already rendered because the arbitrator had reconsidered his decision and felt that he was in error. There is no indication in Molloy as to whether or not the reconsideration was requested by either party, but it was certainly not authorized by any statute except of course the ubiquitous UCCA 1804 applicable to all small claims.
In that respect, the court in Molloy held (supra, at 1058) that: "A court has power to correct a wide variety of error and has the inherent power to vacate or modify an erroneous judgment in the interest of justice. In this respect, the court is bound by its small claims charter (UCCA 1804), to do substantial justice in accordance with the principles of substantive law and is not bound by any rule of procedure. This court not only has inherent power to exercise control over its judgments, in the furtherance of justice, but its power is reinforced by the directive of UCCA 1804 to see that substantial justice is done” (emphasis added).
If we may reverse our own judgments already rendered, we may certainly require an additional hearing or hearings on cases already submitted for which judgment is pending.
I therefore hereby order a hearing to be held before this court on Wednesday, April 1, 1987, at 9:00 a.m. The purpose of the hearing will be to take testimony and any other proof or evidence to be offered by either party as to the one remaining issue, that of damages. In particular we must determine the monetary value immediately prior to damage of all of the *20 plaintiffs items of personal property which were damaged, and whether the damage was total or partial. We will hear any other testimony or evidence either party wishes to present on the issue of damages.
I will add that the assistance to be provided by the court to an unrepresented litigant in small claims should and will be limited to that which is reasonably necessary to prevent obvious injustice. To do so we must direct the claimants’ attention to those precise questions which our case law, with which the unrepresented litigant could not possibly be expected to be familiar, requires be answered in order for the claimant to recover his judgment. By doing so, we guarantee due process within a system that has, both directly and indirectly sent a message to pro se litigants that they "do not need” an attorney in small claims.
In doing so, however, we, as small claims Judges, must remain ever mindful of the rights of those litigants in small claims who do choose to obtain an attorney. We must emphasize that it is not the duty or function of the court to act as an attorney for the pro se litigant in order to "even up the score”. It is indeed a fine line that must be established in small claims for the court to do "substantial justice”, procedurally and substantively, to the pro se litigant and to the litigant with an attorney as well.
This case is adjourned to Wednesday, April 1, 1987, at 9:00 a.m. for further hearing in accordance with this decision.
APPENDIX
Together with appropriate travel expenses, where required to cover the witness’ travel costs. You may check with the clerk for further details.
One point to remember is that a letter or statement of a witness, even if signed before a notary public is not the best evidence to be used in court. The witness should appear personally to testify and to answer any questions your opponent may have.
There will be times when it may be necessary for you to have an expert witness. An expert witness is a person who, because of training or experience, is entitled to, among other things, give an opinion as to the value of an item or the necessity and value of certain work (for example, medical treatment or repairs). An expert witness may not be compelled to testify by subpoena, but you may pay the expert witness for coming to court to testify.
PAID BILLS
In certain circumstances you may avoid the need to use an expert witness *21 to establish the reasonable value of merchandise, treatment, or repairs. This may be done by getting an itemized paid bill or invoice, which must also be certified and verified by the person who did the work and rendered the bill. Forms of such certification and verification appear at the end of this booklet. You should try to send a copy to the defendant 10 days before trial. If you only have an estimate of the cost of the work not yet done, you will be required to produce an expert witness to testify on your behalf or at least you should produce pictures or other proof of your claim.
Some small claims courts have adopted stricter requirements than others respecting the admissibility of bills and estimates. The clerk of the small claims court may be able to provide information on this matter. Some courts require that before you may submit a copy of an itemized paid bill or invoice, properly certified and verified, you must have sent a copy to your opponent at least 10 days before trial. Some courts require that if you have secured only an estimate of the cost of work not yet done, you must use an expert witness in order to submit the estimate to the court.

 We say "apparently” because we are required to use tapes and portions of them are inaudible. However my notes do not reflect any such statement.