■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v GLADSTONE JACK et al., Respondents.—In a proceeding to vacate an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Burstein, J.), dated June 9, 1988, which denied the petition to vacate the arbitrator's award and, upon the respondents' counterclaim, confirmed the award.

Ordered that the order and judgment is affirmed, with costs.

In their papers in opposition to the petition to vacate the arbitrator's award and in support of their counterclaim to confirm the award, the respondents included an affirmation of the arbitrator which detailed the basis of the award. On appeal, the petitioner contends that the submission of the arbitrator's affidavit created an appearance of partiality which constituted a statutory basis for vacatur of the award pursuant to CPLR 7511 (b) (1) (iii). Although the practice of submitting an affidavit of an arbitrator after entry of an award has been disapproved by the courts *(see, e.g., Cavallaro v Allstate Ins. Co.,* 124 AD2d 625; *Dahlke v X-L-O Automotive Accessories,* 40 AD2d 666), we do not find that vacatur of an award is mandated on this ground where, as here, the affidavit did not seek to modify, alter or enlarge the award *(see, Dahlke v X-L-O Automotive Accessories, supra)*. In any event, the arbitrator's award was supported by sufficient evidence in the record and the arbitrator's affidavit was not necessary to confirm the award. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.