■ ROBERT J. ROSE, Appellant, v J.J. LOWREY & Co. et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered December 10, 1990, which denied the application to vacate the arbitration award as biased, unanimously affirmed, with costs.

In June, 1986, petitioner commenced an arbitration proceeding before the National Association of Securities Dealers (NASD) with regard to a "bonus" allegedly due for services rendered to respondents concerning the financing of various projects in early 1985. In May, 1987, the claim was heard before three members of the securities industry selected by the NASD, and in August, 1987, said panel released its findings, without memorandum, dismissing all petitioner's claims.

At issue is the purported bias of the Chairman of this panel, a vice-president and senior counsel in the litigation department of Merrill Lynch, Pierce, Fenner & Smith.

Pertinent to the appeal is that subsequent to the empanelled hearing but prior to a decision therein, the respondents approached, among other investment banking institutions, the Capital Markets Group of Merrill Lynch with regard to the offering prospectus of entities inextricably entwined with respondents. Indeed, Capital Markets eventually became a co-managing underwriter, garnering commissions for both itself and the respondents. However, the record reveals, and petitioner does not argue to the contrary, that the member of the arbitration panel who is now challenged did not have *actual* knowledge of any relationship between this subsidiary of his employer and the respondents or the other entities not parties to the action. The divisions employing said arbitrator and Capital Markets are virtually separate and distinct, officed at different locations without any nexus in duties or purpose.

An application seeking vacatur of an arbitration finding for bias may be granted only "if the court finds the rights of that party were prejudiced by * * * partiality of an arbitrator

appointed as a neutral" (CPLR 7511 [b] [1] [ii]). A party seeking to vacate an arbitration award "must meet a heavy burden" *(North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195, 200). Petitioner has not borne that burden. And the mere inference of impartiality, as petitioner posits, is not sufficient to warrant interference with the arbitrator's award *(cf., Matter of Provenzano [MVAIC],* 28 AD2d 528). Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.