■ In the Matter of MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Appellant, v SOLOW BUILDING Co., L. L. C., Respondent. [720 NYS2d 69] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 2, 2000, which, in a proceeding pursuant to CPLR article 75, denied petitioner's motion to confirm an arbitration award, dated November 19, 1999, awarding petitioner $721,580, and granted respondent's cross motion to vacate the award, unanimously affirmed, with costs.

The original arbitrator appointed on behalf of respondent, Robert Von Ancken, failed to reveal his close involvement with petitioner's counsel on prior arbitrations and the fact that he was scheduled to testify against respondent in an unrelated matter. "[T]he failure of an arbitrator to disclose facts which reasonably may support an inference of bias is grounds to vacate the award under CPLR 7511" (*Matter of J. P. Stevens & Co. [Rytex Corp.]*, 34 NY2d 123, 125; *see also, Matter of Milliken Woolens [Weber Knit Sportswear]*, 11 AD2d 166, *affd* 9 NY2d 878). That Von Ancken ultimately resigned does not remove the taint to the process since he participated in choosing the "neutral" third arbitrator, who ultimately ruled against respondent and who was involved in a highly contentious relationship with respondent's chosen arbitrator. Accordingly, Supreme Court properly vacated the arbitration award. "[I]t is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 231).

We have examined petitioner's remaining contentions and find them unavailing. Concur—Williams, J. P., Mazzarelli, Lerner and Buckley, JJ.