W&HM Realty Co., LLC, Appellant, v 853 Seventh Avenue Owners, LLC, Respondent. [789 NYS2d 32]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered June 30, 2004, which, in a dispute over rent between petitioner landlord and respondent tenant submitted to a panel of appraisers, denied petitioner's application to disqualify the neutral third appraiser for bias, and directed the parties to return to the appraisal before the same three-person panel, unanimously affirmed, with costs.

Petitioner fails to demonstrate that the neutral third appraiser, an employee of the real estate firm of Cushman & Wakefield attached to its Advisory Group, engaged in misconduct warranting the "extraordinary relief" of disqualification (see

*Bronx-Lebanon Hosp. Ctr. v Signature Med. Mgt. Group*, 6 AD3d 261, 261 [2004]; *see also Rose v Lowrey & Co.*, 181 AD2d 418, 419 [1992]). Given the breadth of Cushman & Wakefield's real estate services, of which petitioner was undoubtedly aware when the neutral appraiser was retained, the fact that the entirely different brokerage division of Cushman & Wakefield does business with a principal of respondent does not raise an appearance of partiality (*see Rose, supra*; *Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 913, 914 [1962], *affd* 12 NY2d 806 [1962]). The principal represents that he had never met or spoken to the neutral, and the neutral represents that he has no knowledge of any business dealings between the principal and other divisions of Cushman & Wakefield, and that before the appraisal, at the request of the parties, he checked his records for any past engagements of Cushman & Wakefield by the principal for appraisal services, and advised the parties that he found none going back 10 years. Notably, the parties' retainer of the neutral specifically focuses on possible conflicts between the neutral, not Cushman & Wakefield at large, and the parties. Nor was an appearance of partiality created by the neutral's submission of an affidavit responding to petitioner's allegations of bias (*see Matter of Aetna Cas. & Sur. Co. v Jack*, 156 AD2d 678 [1989]; *Bronx-Lebanon Hosp. Ctr.*, 6 AD3d at 263). We have considered petitioner's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan and Williams, JJ.