In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v JOSE ARGUETA et al., Appellants. [872 NYS2d 521]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Jose Argueta and Sarina Chavez appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 22, 2008, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On February 13, 2006 the appellants Jose Argueta, the driver, and Sarina Chavez, the passenger, were involved in an automobile accident with another vehicle owned and operated by nonparty Jose P. Hernandez (hereinafter the tortfeasor's vehicle). Nonparty Samuel Garcia was a passenger in the tortfeasor's vehicle. The appellants' vehicle was owned by nonparty Elvia Gonzalez, and covered by a policy of insurance issued by the petitioner (hereinafter the petitioner's policy). The tortfeasor's vehicle was covered by a policy issued by nonparty Nationwide Insurance Company (hereinafter the tortfeasor's insurer).

Under the petitioner's policy, the limits for both third-party bodily injury liability and for the supplementary uninsured/underinsured motorists endorsement (hereinafter the SUM endorsement) were in the amount of $25,000 for each person and $50,000 for each accident, the same limits as in the tortfeasor's policy. As a result of the accident, the tortfeasor's insurer paid the sum of $16,666.66 to each of the appellants and to Garcia, thereby exhausting the $50,000 per-accident limit under the tortfeasor's policy. The appellants thereafter sought additional benefits under the SUM endorsement of Gonzalez's policy with the petitioner. The petitioner denied their claims, and the appellants demanded arbitration. The Supreme Court granted the petition to permanently stay arbitration. We reverse.

An insurer which fails to seek a stay of arbitration within 20 days after being served with a notice of intention or demand to arbitrate under CPLR 7503 (c) is generally precluded from objecting to the arbitration thereafter (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Matter of Interboro Ins. Co. v Maragh*, 51 AD3d 1024, 1025 [2008]; *Matter of State*

*Farm Ins. Co. v Williams*, 50 AD3d 807, 808-809 [2008]). Here, the proceeding was commenced more than 20 days after the notice of intention to arbitrate was served on the petitioner. Further, while an otherwise untimely petition to stay arbitration may be entertained when its basis is that the parties never agreed to arbitrate (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264 [1982]), such is not the case here where it is undisputed that the appellants generally are covered under the petitioner's policy. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.