ODED NACHMANI, Respondent, v BY DESIGN, LLC, Appellant. [901 NYS2d 838]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 25, 2010, granting the petition to compel a non-American Arbitration Association (AAA) arbitration and to stay the AAA arbitration demanded by respondent, unanimously affirmed, without costs.

The court aptly perceived that respondent, by demanding AAA arbitration nearly four months after service of petitioner's demand for arbitration and without seeking a stay of petitioner's proceeding, was seeking to delay the matter and effectively refusing to arbitrate pursuant to petitioner's demand; we need not address whether respondent had other improper motives (*but see generally Brady v Williams Capital Group, L.P.*, 14 NY3d 459 [2010]). We note that respondent had participated in the earlier-commenced proceeding by service of a response advancing a counterclaim and by designating its arbitrator pursuant to the parties' agreement (*see Matter of North Riv. Ins. Co. [Morgan]*, 291 AD2d 230, 233 [2002]). The subject agreement's choice of New York law for its enforcement displaced the provisions of the Federal Arbitration Act, and, in any event, we are not bound by respondent's authority regarding the ability of the court to provide the relief sought (*see ImClone Sys. Inc. v Waksal*, 22 AD3d 387 [2005]). With respect to its purely speculative claims regarding petitioner's designated arbitrator (*see Bronx-Lebanon Hosp. Ctr. v Signature Med. Mgt. Group*, 6 AD3d 261 [2004]), AAA arbitration would not have provided respondent any greater assurances of arbitrator impartiality (*see Matter of Morgan Guar. Trust Co. of N.Y. v Solow Bldg. Co.*, 279 AD2d 431 [2001], *lv denied* 96 NY2d 711 [2001]). Petitioner correctly interpreted the provision requiring that the decision be in accordance with the AAA Commercial Arbitration Rules as a choice of law rather than a forum selection clause (*see Merrill Lynch, Pierce, Fenner & Smith v McLeod*, 208 AD2d 81, 83-84 [1995]), the AAA's view on the issue notwithstanding. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.