OPINION OF THE COURT
Francois A. Rivera, J.
By order to show cause and petition filed on November 26, 2012, petitioner Infinity Insurance Company sought an order pursuant to CPLR 7503 (b) to temporarily stay an arbitration that was demanded by the respondent, Daily Medical Equipment Distribution Center, Inc., until the court decided Infinity’s request for a permanent stay.
Daily Medical has opposed the petition.
Background
On November 26, 2012, Infinity commenced the instant special proceeding pursuant to CPLR 7503 (b) seeking a permanent stay of an arbitration demanded by Daily Medical by filing an order to show cause and verified petition. Infinity’s petition alleges, among other things, that it issued an automobile insurance policy to Derrick St. Louis which it rescinded pursuant to Pennsylvania law based on a misrepresentation made by St. Louis in the procurement of the subject policy.
Daily Medical, as assignee of St. Louis, filed a request to arbitrate with the American Arbitration Association (AAA) seeking reimbursement of approximately $1,800 for no-fault benefits it provided to St. Louis. AAA set a hearing date of January 15, 2013. Infinity contends that Daily Medical has no right to arbitrate because of the proper rescission of the subject policy ab initio.
Motion Papers
Infinity’s motion papers consist of an order to show cause, a verified petition, two affirmations of its counsel, an affidavit of its claim adjuster and seven exhibits labeled A through G. Exhibit A is a copy of AAA’s notice of arbitration. Exhibit B is described as the declaration page of the subject policy. Exhibit C is described as the insured’s application for the subject policy. Exhibit D is described as a rescission letter purportedly sent to the insured. Exhibit E is described as correspondence sent to the insured. Exhibit F is described as a check which was purportedly sent to St. Louis to return the premiums he paid on the subject policy. Exhibit G is described as correspondence sent to the Pennsylvania Attorney General’s office.
*584 Daily Medical’s opposition papers consist of the affirmation of its counsel and three annexed exhibits labeled A through C. Exhibit A is the respondent’s demand for arbitration. Exhibit B is the answer dated August 10, 2012, which Infinity served upon AAA and upon Daily Medical in response to Daily Medical’s arbitration demand. Exhibit C is described as a document from the website maintained by the New York State Department of Financial Services which lists the petitioner as an entity authorized to do business in the State of New York.
Infinity replied with an affirmation of its counsel.
Law and Application
Infinity claims that under Pennsylvania law, it had the right to rescind St. Louis’ insurance policy based on a misrepresentation he made regarding where the car was garaged when he first applied for insurance. Infinity further claims that its rescission of the subject policy voids the arbitration clause contained therein, such that there is no longer any insurance coverage or any agreement to arbitrate.
Daily Medical contends, among other things, that Infinity’s petition is time-barred and supported by uncertified and inadmissible documents. Daily Medical also contends that Infinity cannot seek a stay because it has already answered and participated in the arbitration proceeding.
By order issued on January 11, 2013, at oral argument of the instant petition, the court denied Infinity’s application for a temporary stay of the subject arbitration and reserved decision on the petition for a permanent stay. For the reasons set forth below Infinity’s application for a permanent stay must be denied.
It is always useful to bear in mind that the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 95 [1975]; see also McSpedon v Profile Elec., 137 AD2d 669, 670 [2d Dept 1988]).
Pursuant to CPLR 7503 (b), a party may apply to stay an arbitration on the grounds that a valid agreement to arbitrate has not been made or has not been complied with, or that the claim would be barred by the relevant statute of limitations had the claim been asserted in a court of the State (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1 [1980]). Further, a court may stay arbitration when the particular claim *585 to be arbitrated is not within the scope of the arbitration agreement (Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO, Local 1056, 284 AD2d 466, 468 [2d Dept 2001]).
In instances when the existence or validity of an arbitration agreement is timely raised by a party seeking a stay of arbitration or opposing an application to compel arbitration, issues relating to the validity of the contract must be determined by the court (Housekeeper v Lourie, 39 AD2d 280 [1st Dept 1972], appeal dismissed 32 NY2d 832 [1973]).
CPLR 7503 (c) mandates that an application to stay arbitration be made within 20 days after service of the demand for arbitration (see Matter of State Farm Mut. Auto. Ins. Co. v Urban, 78 AD3d 1064, 1065 [2d Dept 2010]). “An insurer which fails to seek a stay of arbitration within 20 days after being served with a notice of intention or demand to arbitrate under CPLR 7503 (c) is generally precluded from objecting to the arbitration thereafter” (Matter of Liberty Mut. Ins. Co. v Argueta, 59 AD3d 446, 447 [2d Dept 2009]).
Infinity’s motion papers contain a copy of the notice it received from AAA dated October 26, 2012. However, Infinity did not state whether it received a demand for arbitration other than the October 26, 2012 notice from AAA. Daily Medical, on the other hand, claimed that it served a demand to arbitrate on August 1, 2012. It is unclear whether the documents submitted by Daily Medical included a complete copy of its demand to arbitrate.
A demand to arbitrate that fails to identify the agreement under which arbitration is sought or omits the 20-day warning specified by CPLR 7503 (c) deprives the party seeking arbitration of the preclusive effect of the statute. In other words, the opponent may raise threshold issues after the expiration of 20 days from receipt of the demand (see Allstate N.J. Ins. Co. v Tse, 102 AD3d 473 [1st Dept 2013]).
Therefore, based on the date the instant petition was commenced, Infinity’s instant petition may be untimely. However, the court cannot definitely determine that issue without a complete copy of the demand notice.
CPLR 7503 (b) specifically states in pertinent part that a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration may apply to stay arbitration on the ground that a valid *586 agreement was not made or has not been complied with or that the claim sought to be arbitrated is barred by limitation under subdivision (b) of section 7502.
“Because arbitrability is a threshold question going to the arbitrator’s power to resolve the dispute, a party can seek judicial intervention to determine whether the dispute is arbitrable before consenting to arbitration. Moreover, the CPLR requires that in order to raise the ‘did-they-agree-to-arbitrate’ prong of arbitrability in a motion to vacate, a party must move to stay before participating in arbitration” (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]).
Daily Medical annexed a copy of the cover letter and enclosures that Infinity sent to AAA in support of its contention that Infinity had participated in an arbitration proceeding. Infinity claimed in its reply affirmation sending these documents to AAA did not constitute participation in the arbitration.
The cover letter dated August 10, 2012 acknowledged Infinity’s receipt of Daily Medical’s arbitration request. It stated that the claim was for an accident that occurred in New Jersey under Infinity’s Pennsylvania policy. It opined that New York State no-fault benefits did not apply, and because of that its belief that arbitration through AAA also should not apply. It advised that the claim was being investigated and would be paid if appropriate in accordance with Pennsylvania law. It further requested that Daily Medical consider voluntarily withdrawing its arbitration request. It also stated that there were enclosures without specifying what they were. The enclosed documents included a New Jersey police crash investigation report of St. Louis’ car accident. Also included was a copy of the declaration page of the subject policy and three letters denominated as “explanation of benefits.” Each one of the explanation of benefits letters stated that Infinity received Daily Medical’s request for reimbursement on April 16, 2012. In one letter Daily Medical sought $844.13, in the other it sought $502.63 and in the third it requested $464.44. Infinity stated in each of the letters that it would not pay the claim. Also included was another copy of the cover letter showing a postmark by AAA dated August 20, 2012.
Two months after submitting the August 10, 2012 letter to AAA and Daily Medical, Infinity commenced the instant special *587 proceeding by order to show cause seeking a temporary stay pending resolution of its application for a permanent stay of the arbitration. CPLR 7503 (b) entitles only a party who has not participated in the arbitration to apply to stay arbitration on the ground that a valid agreement was not made. (Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 263 [1997].) Therefore, when parties to arbitration of a claim, including parties who never executed an agreement to arbitrate, participate in the arbitration, they waive their right to a judicial determination of the arbitrability of the claim. (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 78-79 [2003].) Once they have taken part in the arbitration proceeding by serving and filing an answer to an arbitration demand and participated in selecting the arbitrator, they no longer are entitled to stay further progress of the arbitration proceeding, even if they are not subject to any arbitration agreement (Nachmani v By Design, LLC, 74 AD3d 478, 479 [1st Dept 2010]).
Contrary to Infinity’s contention, by sending the aforementioned documents to AAA it did participate in the arbitration proceeding. Infinity’s participation in the subject arbitration effectively bars its application for a stay of arbitration pursuant to CPLR 7503 (b). In light of the foregoing, the court need not and does not address Daily Medical’s contention that Infinity’s instant petition was untimely and supported by uncertified and inadmissible documents.
Therefore, Infinity’s motion for a permanent stay of the subject arbitration is denied and the instant special proceeding is dismissed.