GORDON GRANT, Appellant, *v.* ALMON W. GRISWOLD et al., Respondents.

This action was commenced in 1866 to foreclose a mortgage executed by defendant G.; C. was made co-defendant upon the ground that he had guaranteed payment of the mortgage, and judgment was demanded in the complaint against both defendants for any deficiency. C. died on January 9, 1870, and in June of that year judgment was entered *nunc pro tunc* as of January 6th, charging G. only with any deficiency. In November, 1877, there was a sale under the judgment and a large deficiency. Plaintiff died in December, 1878; in December, 1879, his executor moved that the judgment be amended *nunc pro tunc* so as to provide that C. should be liable for any deficiency. The motion was granted by the Special Term, but on appeal to the General Term the order was reversed. *Held,* that conceding the Special Term had power to make the order, it was not bound to exercise it, but it was a matter of discretion; that the exercise of this discretion was reviewable by the General Term but not by this court; also that the denial of the relief under the circumstances was no abuse of its discretion by the General Term.

(Argued November 9, 1880 ; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term. (Reported below, 21 Hun, 509.)

The nature of the Special Term order, and of the action, and the material facts appear sufficiently in the opinion.

*Wm. Mitchell, Jr.,* for appellant. The order was appealable. (Code, § 274; *Bacon* v. *Comstock,* 11 How. Pr. 197, 200; Code of Civ. Pro., § 190, subd. 3; *Howell* v. *Mills,* 53 N. Y. 322; *Uline* v. *N. Y. C. & H. R. R. R. Co.,* N. Y. Ct. of App., 9 W. Dig. 344; 2 R. S. 191, §.153; Edmonds' Ed. 199, § 153.)

*William G. Wilson* for respondents. No appeal lies to this court from the order of the General Term. (*Hogan* v. *Hoyt,* 37 N. Y. 300; *Livermore* v. *Bainbridge,* 56 id. 74, 76; *Stark* v. *Dinehart,* 40 id. 342; *Alling* v. *Fahy,* 70 id. 571; *Lawrence* v. *Farley,* 73 id. 188; *Cushman* v. *Brundrett,* 50 id. 297; *White* v. *Coulter,* 59 id. 629; *Wright* v. *Brown,* 67 id. 1; *Liddell* v. *Paton,* id. 393; *Dunlop* v. *Edwards,* 3 id. 341.) The court had no authority to make the order granted at Special Term. (*Livingston* v. *Rendall,* 59 Barb. 493; *Hays* v. *Thomas,* 59 N. Y. 521.)

EARL, J. This action was commenced November 3, 1869, to foreclose a mortgage for $20,000, executed by the defendant Griswold to the plaintiff; and Frederick A. Coe was made a co-defendant upon the claim, that he had guaranteed payment of the mortgage. A deficiency judgment was demanded in the complaint against both defendants. Neither of them appeared in the action, or answered or demurred to the complaint therein, and thus both suffered default. Afterward, on the 9th day of January, 1870, the defendant Coe died, and on the 20th day of June, 1870, judgment for foreclosure of the mortgage was entered *nunc pro tunc* as of January 6, 1870, and in such judgment it was provided that the referee therein appointed to make the sale should report the deficiency upon the sale, and that the defendant Griswold should pay such deficiency. There was no provision for a deficiency judgment against defendant Coe. In November, 1877, there was a sale under the judgment, and there was a deficiency of over $18,000. The plaintiff died De-

cember 10, 1878, leaving a will in which William H. Grant was named as executor, and letters testamentary were issued to him in May, 1879; and in December, 1879, he made a motion that the judgment entered in January, 1870, be amended *nunc pro tunc* so as to provide that defendant Coe should also be liable to pay and should pay any deficiency arising upon the foreclosure sale. The motion papers were served upon the executrix of defendant Coe, and the motion was opposed by her. The motion was granted. The executrix then appealed to the General Term of the Supreme Court, and there the order of the Special Term was reversed upon two grounds: First, that the court at Special Term had no authority to make the order appealed from; and second, even if it had the authority, it ought not, under the circumstances existing, to have exercised it. This appeal is by plaintiff's executor from the order of the General Term.

We will assume, without determining it, that the court at Special Term had the power to make the order which was there made, but we agree with the General Term that it was not bound to exercise such power. Whether, after so much delay, it ought to have exercised it, was a matter resting in its discretion, and that discretion was reviewable at the General Term, but cannot be reviewed by this court.

The plaintiff was bound to have such a judgment entered in 1870 as he was entitled to. There is nothing showing that the judgment then entered was so entered by fraud or mistake. The plaintiff proceeded to a sale under it, and to a judgment for a deficiency against defendant Griswold. He lived eight years after the judgment was entered, making no complaint of its form; and two years after his decease, and after death had sealed the lips of all the persons who knew the precise truth, the application for the relief now sought was first made. It certainly was no abuse of its discretion for the Supreme Court, under such circumstances, to deny the relief.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.