JOHN R. HOPKIN, Plaintiff, *v.* HARRY F. BOWSKY, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, October, 27, 1930.

*Kamerman & Witkin*, for the plaintiff.

*Emanuel Van Dernott*, for the defendant's administratrix.

PRINCE, J. This action on a promissory note was commenced against the party named herein as defendant by the due service of a summons and verified complaint. The defendant appeared by attorney and obtained an extension of time within which to serve his answer. The defendant failed to file his answer within the extended time, and he was, therefore, in default. Sometime after he suffered the default, the defendant died. Approximately five months after the death of the defendant, the plaintiff entered a judgment on such default.

This is a motion to vacate the judgment on the ground that it was entered in violation of section 478 of the Civil Practice Act. The pertinent portion of that section reads as follows: " * * * A judgment shall not be entered against a party who dies before a verdict, report or decision is actually rendered against him * * *."

To determine whether or not the prohibition contained in this section applies to the facts of this case, it becomes necessary to first determine two questions: (1) Was there a decision rendered against the decedent, and (2) was the decision, if any, rendered before or after his death?

The exigencies of modern practice in these courts have made it necessary to reduce the purely formal elements to a minimum, and so by statute where a defendant has suffered a default in an action for a liquidated amount, the plaintiff may, after due compliance with the statute, proceed to enter judgment with the same force and effect as though a justice of this court had rendered a formal decision. The theory of this practice is not that it is based on the absence of a decision, but rather that, because of the authority of the statute, a decision of this court entitling the plaintiff to judgment is implicit in the proceedings if they have been regular and complete before judgment is entered. Otherwise, we would be confronted with the anomalous situation of a plaintiff being entitled to judgment without any judicial finding in his favor. Nothing appearing to the contrary, it may be assumed that the proceedings which took place herein prior to the death of the defendant were regular; and had they been complete, the plaintiff would have had a decision in his favor, and any judgment thereafter entered thereon would have been unassailable under the provisions of section 478 of the Civil Practice Act.

Before the death of the defendant, however, the plaintiff had yet to complete one of the steps required by statute as precedent to the entry of judgment. Rule 33 of the Rules of the Municipal Court, adopted pursuant to section 8 of the Municipal Court Code, provides: " Where both parties appear by attorney, copies of all pleadings, notices, demands and other papers in an action, which are required to be filed with the clerk, shall be served by the attorney filing the same upon the attorney for the adverse party, with notice of the date of filing within one day of the date of such filing."

Before he could be entitled to enter a judgment, plaintiff was required to file certain proofs and affidavits with the clerk of the court, and, by virtue of rule 33, to serve copies thereof upon defendant's attorney. Until both these things were done, there could be

no decision. Since they were done after the death of the defendant, it follows that the decision was rendered after his death, and the judgment entered thereon must be vacated.

In opposition to this motion, plaintiff offers the case of *Grant* v. *Griswold* (82 N. Y. 569). The Court of Appeals in that case dismissed an appeal from the decision of the Supreme Court, reported in 21 Hun, 509, wherein the court vacated a judgment entered subsequent to the default and death of the defendant. Therefore, in so far as the facts of that case are analogous to the case at bar, it supports the contention of the moving party herein.

Motion granted.