## In the Matter of the Estate of CELESTE W. HERRICK, Deceased.

Surrogate's Court, New York County, January 13, 1939.

*George P. Breckenridge*, for the executor.

*John V. Irwin*, for the American Savings Bank.

*Wright, Gordon, Zachary & Parlin*, for the Lincoln Safe Deposit Company.

*Charles P. Robinson*, special guardian.

*Max D. Blossner, William R. Leggatt* and *Frederick Schmertz*, for various creditors.

FOLEY, S.   The compensation of the attorney for the executor is fixed and allowed in the sum of $750.   A reasonable bill of costs may be served and filed by him in accordance with the directions of the surrogate.

On June 22, 1934, the objectant, Herman Muth, and the testator entered into a stipulation in an action brought in the City Court

of the City of New York, county of Kings, wherein the objectant was the plaintiff and the testator was the defendant. Under the stipulation, the testator acknowledged an indebtedness to the objectant in a fixed amount and agreed to pay monthly installments thereon until the full amount was paid. The stipulation further provided as follows: " That in event of default in any one of the payments to be made as aforesaid or upon the decease of the defendant, the plaintiff may enter judgment against the defendant for the amount then remaining unpaid after giving to the defendant's attorney three days' notice of plaintiff's intention to enter such judgment."

A default in payment occurred. After the testator's death on January 1, 1938, an application was brought on by the objectant against the executor to show cause why judgment should not be had for the balance of the amount due with interest. The application was heard and an order made by the court in which the action was then pending, granting leave to enter judgment pursuant to the stipulation and appointing an official referee to hear and report as to the exact amount due to the objectant. After the filing of the report of the referee, a further order was made confirming it, fixing the amount due and directing that judgment be entered in the amount fixed, with interest, costs and disbursements. It was further directed that the judgment be entered in the names of the original parties. A transcript of the judgment was filed in the office of the county clerk of this county.

The question presented is whether the objectant is entitled to preference or priority under section 212 of the Surrogate's Court Act, over other creditors of the estate. I hold that the stipulation was equivalent to an accepted offer to allow judgment to be taken within the provisions of section 478 of the Civil Practice Act. It was docketed as a judgment against the testator in accordance with that section. It is entitled to be paid in the course of administration as a preferred claim under subdivision 3 of section 212 of the Surrogate's Court Act. The latter statute gives priority in payment to judgments docketed " against the deceased " according to the priority thereof over all other claims and debts or judgments entered against the representatives of an estate.

The cases cited by the executor have no application to the situation here. The judgments in those cases were docketed not " against the deceased " but against the representatives of the estate after his death.

Submit decree on notice settling the account, directing payment of the attorney's fees and the amount of the judgment obtained by the creditor.