DOUGLAS NICHOLSON and Others, Copartners Doing Business under the Firm Name and Style of BEALS & NICHOLSON, Plaintiffs, v. ROBERT M. McMULLEN, Defendant.

Supreme Court, Special Term, New York County, May 7, 1941.

*Beals & Nicholson*, for the plaintiffs.

*McLaughlin & Stickles*, for James O. Maxwell, as executor, etc., of Robert M. McMullen, deceased, defendant.

Benvenga, J. This is a motion by the plaintiffs under section 478 of the Civil Practice Act for judgment against the deceased defendant in the names of the original parties.

The application is based upon a stipulation made by the original parties to the action, which provides for the payment of the amount of the claim in monthly installments and stipulates that, in the event of default in the payment of any installment, a judgment for the amount then remaining unpaid might immediately be entered against defendant. Payments were made in accordance with the stipulation and, concededly, at the time of his death the defendant was not in default. The question is whether the judgment may be entered in the names of the original parties, and thus entitle the plaintiff to preference or priority, under section 212 of the Surrogate's Court Act, over other creditors of the estate.

At common law, when a sole plaintiff to a legal action died before trial, the action abated, and there was no way to revive or continue it. (*Holsman* v. *St. John*, 90 N. Y. 461, 463; *Arents* v. *Long Island R. R. Co.*, 36 App. Div. 379, 381.) By statute, the cause of action no longer abates, if the cause of action survives; it may be continued by or against the representatives or successors in interest. (Civ. Prac. Act, §§ 82, 84.) The only exception to this rule is created by section 478 of the Civil Practice Act, which directs that if either party to the action dies after " an accepted offer to allow judgment to be taken," or after a verdict, report or decision, but before final judgment is entered, the court must enter final judgment " in the names of the original parties." Thus, plaintiffs' rights are entirely a matter of statute, and the statute being in derogation of the common law, is to be strictly construed. (*People* v. *Phyfe*, 136 N. Y. 554, 558; *Matter of Fischer*, 261 App. Div. 252, 254.) And it has been so construed. (See *Clark* v. *Pemberton*, 64 App. Div. 416; appeal dismissed, 169 N. Y. 594.)

Admittedly, the phrase " an accepted offer to allow judgment," as used in section 478 of the Civil Practice Act, has a precise meaning, and refers to the formal and specific procedure under section 177 of the Civil Practice Act, formerly section 738 of the Code of Civil Procedure (*Grant* v. *Griswold*, 21 Hun, 509, 513; appeal dismissed, 82 N. Y. 569), which provides that, before trial, a defendant may offer to allow a plaintiff to take judgment against him for a sum therein specified, with costs; and, if the plaintiff, within ten days thereafter, serve upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint and offer with proof of acceptance, and thereupon the clerk must enter judgment accordingly. It would seem to follow, therefore, that a judgment by default is not " an accepted offer to allow

judgment " within the meaning of the statute. (See *Grant* v. *Griswold, supra,* pp. 513, 514; *Thornburn* v. *Mitchell,* 178 N. Y. Supp. 692, 696; *Matter of Laughlin,* 255 App. Div. 927.)

It is urged that the stipulation in the case at bar, having been executed by all the parties to the action, obviates the necessity of a written offer of acceptance and is equivalent to an offer of judgment under section 177 of the Civil Practice Act. But even if that be so, the stipulation contemplates that judgment may be taken only in the event of default in the lifetime of the defendant.

True, *Matter of Herrick* (170 Misc. 465), upon which the applicant relies, seems to be to the contrary. That case holds that a stipulation fixing the amount of an indebtedness and authorizing the entry of judgment in the event of default in making payments on account thereof, is equivalent to an accepted offer to allow judgment to be taken within the meaning of section 478 of the Civil Practice Act. No cases are cited in support of this proposition. Apparently, the case of *Grant* v. *Griswold* (*supra*) was not called to the attention of the court. In any event, the principle of the *Herrick* case should not be extended. There, the default occurred prior to the defendant's death, and judgment might have been entered against him in his lifetime. Here, at the time of defendant's death, he was not in default, and judgment could not have been entered against him.

The purpose of section 478 of the Civil Practice Act is to permit the entry of judgment after the death of a party in the names of the original parties where, prior to the death of the party, judgment could have been entered against him, and where nothing remained to be done except the ministerial act of entering judgment. It was never intended to allow a judgment to be entered against him which could not have been so entered in his lifetime.

The motion is denied.