■       Rose M. Buonomo, Respondent, v. Forest Stalker, as Father and Natural Guardian of Robert Stalker, an Infant, Appellant.— Appeal from an order of the County Court of Broome County, entered May 9, 1972, which affirmed a judgment of the City Court of the City of Binghamton in favor of the plaintiff. The action was nominally brought in the name of respondent against the infant appellant and his parent to recover for medical bills and injuries sustained by respondent's infant son, Patrick, when he was struck on the nose by the infant appellant. The suit was tried as a small claims action without a jury and in accordance with the informal procedures provided for in such cases (UCCA, § 1804). Judgment for $300 was entered in favor of respondent against the infant appellant for her medical bills as well as for the pain and suffering sustained by the infant. Appellant contends that the cause of action for pain and suffering properly belonged to the infant, and since he was not a party to the instant action, he would still be lawfully entitled to bring a second action for pain and suffering within one year after attaining his majority (CPLR 208, 215). This would result in a double recovery against appellant. It was clearly understood by the parties that any recovery for pain and suffering should inure to the benefit of the infant. Furthermore, the Trial Judge stated in his decision that the action was brought on behalf of respondent's son. Section 1804 of the Uniform City Court Act provides that the "court shall   *   *   *   do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence". This statute was designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to the use of counsel. To effectuate the purposes of the law, the trial court must be given wide latitude and discretion in the conduct of the proceedings. We find no prejudice to appellant in the record. However, respondent is entitled to recover only her medical bills in the sum of $60.60. The case must therefore be remanded to the City Court of Binghamton for correction of the judgment to reflect the award to the infant plaintiff, Patrick Buonomo, for his pain and suffering. We have examined appellant's other contentions and find them to be without merit. Order modified, on the law and the facts, and matter remitted to the City Court of the City of Binghamton for entry of a judgment in respondent's favor in the sum of $60.60, and a judgment in favor of her infant son, Patrick Buonomo, in the sum of $239.40, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.