OPINION OF THE COURT
Donald J. Wisner, J.
This is an appeal by the defendant County Department of Social Services from a judgment rendered in favor of the plaintiff in Rochester City Court, Small Claims Part. Plaintiff’s claim arises out of her assertion that the defendant county should be responsible for the rent due plaintiff from David White, a tenant. White was a recipient of public assistance.
The plaintiff, who leased a single room to Mr. White for $188 per month, requested that the County of Monroe forward the rent subsidy directly to the landlord rather than the tenant. The county routinely enters such an arrangement for the convenience of the landlord.
*951 During the proceedings in the Small Claims Part, plaintiff produced a document called a landlord statement. That form is used by a landlord to request payment directly to the landlord of rental allowances for tenants on public assistance. It is signed by the tenant and landlord, but not by any representative of the Department of Social Services. At the bottom, the following disclaimer appears: "This is for department use only, it is not a legal contract.” The nature of the relationship is further shown by the memorandum dated October 9, 1986 from the department addressed to the plaintiff. In pertinent part it reads:
"To: Landlords in Receipt of or to Receive Rent by Voucher
"Payment by voucher is a convenience to the landlord. Please note, however, that it is the tenant who is and remains legally responsible for the rent. Notwithstanding any other agreements, in the event the above client moves from your premises, it is your responsibility to notify us. It is the tenant’s responsibility to notify you when vacating the premises. This Department’s responsibility for payment ends when the tenant vacates the premises or when the public assistance case is closed. Any overpayments or extra payments made to landlords through agency error or otherwise are to be returned to this department. Failure to do so will result in either civil litigation or recoupment from monies owed. Please read all boxes checked.”
While a court sitting in Small Claims Part should be given wide latitude and discretion on the conduct of the proceeding (Buonomo v Stalker, 40 AD2d 733), this wide latitude does not mean that the Small Claims Court decisions are beyond review. UJCA article 18 was established in order to provide a forum for the public to present their grievances in a relatively informal manner. Rules of evidence are less restrictive, but the decision of this court must be based on law. The Statute of Frauds still applies.
When one promises to answer for the debt of another, the agreement must be in writing and subscribed by the party to be charged or his lawful agent. (General Obligations Law § 5-701 [a] [2].) Here, there is no promise in writing; at best, the form is a request and there is no subscription. Absent that, there has to be evidence showing that the new promisor received new consideration and that the parties intended that he become primarily liable. (Martin Roofing v Goldstein, 60 NY2d 262.) The evidence at best suggests a willingness on *952 behalf of the defendant county with consent of the tenant to pay his rent allowance to a third party, here, the landlord. Nowhere is there proof of any agreement to assume the rent payment as an obligation of the county. Accordingly, the defendant cannot be held responsible for the debt.
The judgment of the court below is reversed and the complaint dismissed.