■ MARGARET C. ROUNDTREE, Respondent, v SURENDRA SINGH, Appellant.—In an action to recover damages for injury to property, the defendant appeals, by permission, from an order of the Appellate Term, Second and Eleventh Judicial Districts, dated October 6, 1987, which modified a judgment of the Civil Court of the City of New York, entered December 18, 1986 in Queens County (Nahman, J.), to the extent of reinstating a cause of action for loss of use of a motor vehicle and remitting the matter for a new trial on the issue of damages on that cause of action.

Ordered that the order is reversed, on the law, with costs, and the provision of the judgment of the Civil Court, Queens County, dismissing the cause of action for loss of use of a motor vehicle is reinstated.

In order to prove her claims for loss of use the plaintiff was required to offer expert testimony as to the cost of renting a replacement vehicle for the period reasonably required to make repairs to her damaged vehicle *(see, Hoover v Montanus,* 108 Misc 2d 916, 918; *Central Greyhound Lines v Bonded Freightways,* 193 Misc 320, 323; 8 NY Jur 2d, Automobiles, § 787; *cf., Allanson v Cummings,* 81 AD2d 16, 21). The proof offered by the plaintiff at trial fell far short of the established standard for demonstrating loss-of-use damages. The plaintiff did not introduce any competent expert testimony nor did she provide any documentation to support her statement as to the actual rental value of the substitute vehicle. The plaintiff also did not make any effort to prove that the rental period was reasonable. On the record before us, it would be impermissible speculation to make an award for the loss of use *(see, e.g., Kenford Co. v County of Erie,* 108 AD2d 132, 135-136, *affd* 67 NY 2d 257; *Schanbarger v Dott's Garage,* 72 AD2d 882, *lv*

*denied* 49 NY2d 701; *Schneider v State of New York,* 38 AD2d 628). Therefore, the trial court properly dismissed the plaintiff's cause of action for loss of use.

We agree with Presiding Justice Kassoff's dissenting opinion at the Appellate Term that a new trial should not be ordered in the interest of justice to afford the plaintiff an additional opportunity to establish her damages for loss of use. Although the plaintiff appeared *pro se* at the trial, she did so at her peril. "A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive defendants of the same rights enjoyed by other defendants" *(Morgan v Sylvester,* 125 F Supp 380, 388, *affd* 220 F2d 758, *cert denied* 350 US 867, *reh denied* 350 US 919). *Webster v Farmer* (135 Misc 2d 12), which the majority of the Appellate Term cited in its decision, is inapposite on its facts. The *Webster* case involved a *pro se* litigant appearing before the Small Claims Court. Small claims matters are subject to informal procedures which are designed to facilitate the handling of minor claims and grievances without resort to the use of counsel *(Buonomo v Stalker,* 40 AD2d 733). Thus, the Small Claims Court has wider latitude in the conduct of the proceedings before it. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.