ALBERT BOGART, Plaintiff, v IMPORTS OF WANTAGH, Defendant.

City Court of Long Beach, Nassau County, December 21, 1988

### APPEARANCES OF COUNSEL

*Shirley Bogart,* plaintiff *pro se. Gramer & Melbardis (Tracy J. Harkins* of counsel), for defendant.

### OPINION OF THE COURT

JEROME B. FLEISCHMAN, J.

This is a small claims action for damages for the improper repair of an automobile. I find the following facts:

Plaintiff was the owner of a 1985 Mazda automobile in Wantagh. His wife, Shirley, was the principal user. There came a time during the early summer of 1988 when they experienced a problem with the car which they described as "rough idling." On July 15, 1988, they took the vehicle to defendant, a Mazda dealer, and requested a "tune up." No mention was made of the "rough idling."

After the tune-up, they continued to have the same trouble. On July 25, 1988, the car was returned to defendant. This time they complained about the rough idling. Defendant checked the vehicle and advised that it needed a carburetor overhaul. This was performed on August 4, 1988 at a charge of $167.84, which was paid.

On August 24, 1988, the car went dead in Rockville Centre and was taken to a repair shop there, where the overhauled carburetor had to be replaced with a new one, at a cost of $716.90, which was paid for by the wife, Shirley.

Mrs. Bogart requested that defendant reimburse her this cost, which request was refused. Plaintiff then commenced this small claims action on October 6, 1988. Unfortunately, he died on November 28, 1988, before the case could be heard.

On the date scheduled for trial, plaintiff's wife, Shirley, appeared with their son, and moved this court to substitute her for the deceased plaintiff. No estate has been established in Surrogate's Court, and none is contemplated, as the plaintiff left no assets. Defendant objected and moved for a dismissal. Decision was reserved and the trial had. The court must now determine this jurisdictional threshold question before passing on the merits.

At common law, when a sole plaintiff to an action died before trial, the action abated; that is to say that it could not be continued, even by the decedent's estate, and the cause of action was lost. (*MacLean v Hart,* 238 App Div 1, *order amended on other grounds* 238 App Div 884, *affd* 262 NY 552 [1933]; *Nicholson v McMullen,* 176 Misc 693 [1941]; *Bianco v Sun Oil Co.,* 143 Misc 764, *affd* 224 App Div 817 [1928].) However, this rule has been changed by statute. CPLR 1015 (a) provides: "If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties."

The question then is whether or not plaintiff's wife is the

proper party to be substituted. In determining this, it must be noted that UCCA 1804 states that the purpose of small claims is "to do substantial justice between the parties according to the rules of substantive law and [the court] shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence".

In *Buonomo v Stalker* (40 AD2d 733 [1972]), the Appellate Division, Third Department, in permitting a substitution of parties where there was no prejudice to the other side, referred to section 1804 stating: "This statute was designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to the use of counsel. To effectuate the purposes of the law, the trial court must be given wide latitude and discretion in the conduct of the proceedings."

In the case at bar, there would be no prejudice to permit a substitution of the surviving wife for the deceased plaintiff. It appears from the testimony that the cause of action is for less than $1,000 and is the only asset of plaintiff's estate, other than the automobile. Under EPTL 5-3.1 (a) (4) and (5), these assets have vested in the surviving wife. Therefore, she is the proper party to prosecute this action and substantial justice will be done by permitting her to be substituted for the deceased plaintiff, which is so ordered.

Addressing the merits of the claim, plaintiff is not entitled the $100.71 paid defendant for a tune-up. This is what was asked for and this is what was received. There was nothing shown to be improper in the way the tune-up was performed.

Nor is plaintiff entitled to recover the cost of a new carburetor. Defendant was not paid to install a new carburetor, nor has it been shown that anything done by defendant caused plaintiff to require a new carburetor.

What has been shown is that the work performed by defendant in overhauling the carburetor was inadequate and that defendant should have recommended to plaintiff that a new carburetor be installed initially. If that had been done, plaintiff would not have had the additional expense of $167.84 for the overhaul. Plaintiff relied on defendant's expertise; defendant made a mistake which was a breach of its contract with plaintiff to properly repair the automobile's mechanical prob-

lem; and plaintiff has been damaged thereby in the sum of $167.84, the cost charged by defendant and paid by plaintiff. Plaintiff had no obligation to return the vehicle to defendant for further repairs.

Judgment is awarded in favor of plaintiff, Shirley Bogart, for $167.84 plus costs.