OPINION OF THE COURT
Robert Charles Kohm, J.
This is a motion by defendant’s newly retained counsel for a mistrial on the ground that defendant, who has represented himself pro se throughout this nonjury trial, would be prejudiced if counsel were not permitted to represent defendant from the commencement of trial. Counsel argues that it is *345 irrelevant that the trial is nearly over in view of the fact that defendant has inadequately represented himself.
This case first appeared on the Part 1A calendar of this court on October 7, 1991. The matter was adjourned on a number of occasions and appeared on the Trial Calendar of the court on October 15, November 18 and December 18, 1991. On December 18, the case was conferenced, a Farsi interpreter was ordered and the defendant, who speaks and understands English, was advised that the case would be tried on January 15, 1992 and that he should, though not required, obtain trial counsel.
On January 15, in the presence of a Farsi interpreter, the case was conferenced by my law assistant in an effort to reach an amicable settlement. During this conference, defendant was advised by my law assistant of the case of Roundtree v Singh (143 AD2d 995 [2d Dept]) and that if the defendant elected to represent himself, the court would not be able to assist him in the presentation of his case. He was also advised that the rules of evidence and procedure must be adhered to by the court. Defendant was then asked if he wished an adjournment to retain counsel. He answered in the negative and elected to represent himself. He was also advised that the interpreter could not assist him and it was the interpreter’s sole function to translate English to Farsi and Farsi to English.
Immediately prior to the commencement of the trial, the court, on the record, advised defendant of the case of Roundtree v Singh (supra), quoted from the case and again gave the defendant an opportunity to adjourn the case for a reasonable time for the purpose of obtaining an attorney. Defendant stated that he would represent himself. He was advised by the court that it must remain neutral. The court found the defendant’s election to represent himself to be intelligently made. The trial then began. During the next two days, a total of six witnesses were called, two by the plaintiff and four by the defendant. In addition, 16 exhibits were marked for identification and as of this point in the trial, six were admitted in evidence. Plaintiff rested. Defendant testified in his behalf and called three witnesses.
On Thursday, January 16, the court adjourned the case, in the interest of justice till Tuesday, January 21, to permit defendant to subpoena additional witnesses. For the first time, defendant advised the court that he might retain an attorney *346 to represent him during the remainder of the trial. Defendant was advised that the trial would resume on January 21.
On January 21, Mr. Nigen appeared as counsel for the defendant and immediately moved for a mistrial and continuance. The court advised counsel that unless there was some overwhelming legal precedent, the motion would be denied. The court then reserved decision on the motion and permitted both sides to submit briefs. The court, in the interest of justice, continued the trial to January 27 to permit defendant’s attorney to have an opportunity to review the case. The court advised counsel that its decision on the motion would be rendered on January 27 and that both sides should be prepared to continue with the trial on that date.
The motion for a mistrial is denied. " 'A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive defendants of the same rights enjoyed by other defendants’ ” (Roundtree v Singh, supra, at 996; Davis v Mutual of Omaha Ins. Co., 167 AD2d 714). The court has made more than a reasonable allowance to protect the pro se defendant in this case from forfeiting any rights. To permit defendant, who was given numerous opportunities prior to the commencement of this trial, to, in effect, start all over again would afford him the proverbial two bites of the apple and would be prejudicial to the plaintiff who has presented his case by calling witnesses and introducing exhibits in evidence. This is not Small Claims Court where the matters are subject to informal procedures which are designed to facilitate the handling of minor claims and grievances without resort to the use of counsel. The Small Claims Court has wider latitude in the conduct of proceedings before it than the Civil Court has. (Buonomo v Stalker, 40 AD2d 733.)
Defendant, after numerous opportunities, intelligently elected to proceed pro se and, in so doing, did so at his peril. There would be no finality to litigation if the court were to permit litigants who elected to proceed pro se to, at some point during the trial, stop the proceedings and begin all over again with counsel they retained after determining that the case was not proceeding in their favor.
Defense counsel’s representation commences at this point in the trial with the defense of plaintiff’s claim.