OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs. Landlord commenced this summary proceeding pursuant to RPAPL 713 (7) in September 2009 to recover possession of a rent-stabilized apartment occupied by Zamir Zayfert, the son of *34 Stephen Zayfert, the sole tenant named in the lease, and John Cassar, the cousin of Zamir Zayfert. Stephen Zayfert declined to renew his lease when it expired on August 31, 2009 and surrendered possession. Occupants appeared pro se and asserted their right to succeed to the tenancy (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]; Park Holding Co. v Power, 161 AD2d 143, 144 [1990]; ACP 140 W. End Ave. Assoc. v Kelleher, 9 Misc 3d 139[A], 2005 NY Slip Op 51839[U] [App Term, 1st Dept 2005]). After a nonjury trial, the Civil Court ruled in landlord’s favor, concluding that Zamir Zayfert’s proof did not establish that the subject premises had been his primary residence in the two years before his father had vacated the premises. On appeal, occupants’ principal contentions are that the Civil Court misapplied the rules governing proof of succession rights and the admissibility of evidence, and that it exhibited bias in favor of landlord. Occupants further assert that, having proceeded pro se, they should, at least, be granted a new trial at which they may be represented by counsel and properly litigate their defenses.
We agree with the Civil Court that occupant Cassar does not have the necessary familial relationship with Stephen Zayfert to automatically qualify for succession rights (Rent Stabilization Code [9 NYCRR] § 2520.6 [o]; e.g. 509 Realty Co., LLC v Wright, 34 Misc 3d 131[A], 2011 NY Slip Op 52344[U] [App Term, 1st Dept 2011]), and, although he may have lived with the tenant of record for a time prior to August 31, 2009, he did not assert such “emotional and financial commitment, and interdependence” with the departed tenant that might qualify him to succeed to the tenancy (Rent Stabilization Code [9 NYCRR] § 2520.6 [o] [2]).
Occupant Zamir Zayfert testified that his principal residence was the subject premises before he began studies at a Minnesota high school in 2006 where, since the commencement of the 2007-2008 school year, he has been continuously enrolled as a full-time student. “[T]o qualify as a successor, Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1) requires simultaneous tenancy by the potential successor with the rent-stabilized tenant for the two years immediately prior to the tenant’s permanent removal from the premises” (Matter of Glass v Glass, 29 AD3d 347, 349 [2006]). Zamir Zayfert argues that his primary residence was the subject premises until he began his studies in Minnesota, and that the Civil Court failed to consider whether he should be accorded the benefit of Rent Stabilization Code *35 (9 NYCRR) § 2523.5 (b) (2) (ii) which provides that a primary residency shall not be deemed to be interrupted by any period during which a family member temporarily relocates because he or she is enrolled as a “full-time student.” The date of the terminus of the two-year look-back period was August 31, 2009, the effective date of Stephen Zayfert’s surrender.
A minor’s primary residence is presumed to be that of his parents until he reaches the age of majority (Quiala v Laufer, 180 AD2d 31, 34 [1992]). We may thus assume, without deciding, that Zamir Zayfert’s primary residence was his father’s apartment until he reached the age of majority, which occurred during the two-year look-back period. Such primary residency will not be deemed to have been interrupted thereafter so long as Zamir Zayfert establishes that he temporarily relocated because he was enrolled as a “full-time student” (Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [2] [ii]). We find that his proof in this regard was insufficient. While there was evidence by means of a letter from the Minnesota school that he was still enrolled there in September 2009, when he was 20 years of age, the letter did not assert that his enrollment was “full time.” The only transcript of his school records submitted into evidence was from 2007. His documentary proof of his residence was almost entirely limited to the period prior to, or after, the look-back period, and absent were any of the “ Traditional indicia’ of primary residence” such as tax returns, a driver’s license and registration, and voter registration applicable to the relevant period (Matter of O’Quinn v New York City Dept. of Hous. Preserv. & Dev., 284 AD2d 211, 211 [2001]; see also Matter of Stahl Assoc. Co. v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 148 AD2d 258, 265 [1989]). Thus, Zamir Zayfert failed to prove that his primary residence was the subject premises from the time that he reached the age of majority until the end of the look-back period.
We note that while courts may afford a pro se litigant “some latitude” (Duffen v State of New York, 245 AD2d 653, 653 [1997]), a pro se litigant “acquires no greater right than any other litigant” (Roundtree v Singh, 143 AD2d 995, 996 [1988]) “and will be held to the same standards of proof as those who are represented by counsel” (Duffen v State of New York, 245 AD2d at 654; see also Sporten v Samuel, 31 Misc 3d 151[A], 2011 NY Slip Op 51123[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Boltz v Ascolesi, 16 Misc 3d 133[A], 2007 NY Slip Op 51499[U] [App Term, 2d Dept, 2d & 11th Jud Dists *36 2007]; Tanenbaum Assoc., L.L.P. v Yudenfreund, 13 Misc 3d 138[A], 2006 NY Slip Op 52223[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Thus, occupants represented themselves “at their own peril” (Banushi v Lambrakos, 305 AD2d 524, 524 [2003]), and they cannot be heard to complain that the Civil Court failed to advise them as to their burden of proof and the admissibility of evidence (e.g. Hazzard v Volvoville, 15 Misc 3d 132[A], 2007 NY Slip Op 50684[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). The general rule is that whatever a pro se litigant’s failings at a trial, he or she will not be granted “a second bite at the apple” (Callender v Titus, 4 Misc 3d 126[A], 2004 NY Slip Op 50608[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; see also Roundtree v Singh, 143 AD2d at 996 [denying a pro se litigant, in the interest of justice, “an additional opportunity to establish her damages”]).
We further note that this court may not consider the dehorsthe-record representations of fact and documentary proof submitted upon this appeal (Chimarios v Duhl, 152 AD2d 508 [1989]).
We have considered occupants’ remaining contentions and find them to be without merit.
Accordingly, the final judgment is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.