<partyblock>

Gamma Bedford, LLC, Respondent,  

against

Berthony Cineas and Anderson Cineas, Appellants, et al., Undertenants.

The Legal Aid Society (Shemori Corinthian of counsel), for appellants.

Law Offices of Scott D. Gross (Scott Gross of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Thomas M. Fitzpatrick, J.), dated May 30, 2018. The order, insofar as appealed from, (1) denied so much of a motion as sought to vacate the portion of a final judgment of that court (Kevin C. McClanahan, J.) entered March 17, 2017 as awarded possession against occupant Anderson Cineas upon his failure to appear or answer the petition, and (2) upon, in effect, reargument, adhered to the determination in a prior order of that court (Thomas M. Fitzpatrick, J.) dated March 21, 2018 denying a motion by occupant Berthony Cineas to vacate so much of the final judgment as awarded possession against him upon his failure to appear on a scheduled court date, in a licensee summary proceeding.

ORDERED that the order dated May 30, 2018, insofar as appealed from, is modified by providing that, upon, in effect, reargument, so much of the motion by occupant Berthony Cineas as sought to vacate the portion of the final judgment that awarded possession against him is granted; as so modified, the order dated May 30, 2018, insofar as appealed from, is affirmed, without costs.

In this licensee proceeding, landlord alleges that the license of Berthony Cineas and Anderson Cineas (collectively occupants) to remain in the premises expired upon the death of the tenant of record, Bertus Cineas, in August of 2016. Berthony Cineas appeared pro se on the initial hearing date, and the matter was adjourned. Landlord moved to depose Berthony Cineas with respect to his claim of succession to the subject premises. Following two further adjournments, by order dated January 25, 2017, the Civil Court (Daniele Chinea, J.) adjourned landlord's motion for Berthony Cineas to be referred to the New York State Unified Court [*2]System's Assigned Counsel Project (ACP) and directed him to pay use and occupancy. Berthony Cineas failed to appear on the February 24, 2017 adjourned date and an inquest was held thereafter, following which the court (Kevin C. McClanahan, J.) awarded landlord a final judgment of possession. The final judgment was entered on March 17, 2017. Approximately one year later, Berthony Cineas moved pro se, in effect, to vacate the final judgment. Landlord opposed the motion, and, by order dated March 21, 2018, the Civil Court (Thomas M. Fitzpatrick, J.) denied the motion and stayed execution of the warrant through April 30, 2018.

Berthony Cineas retained the Legal Aid Society, which moved by order to show cause to vacate the final judgment and warrant. In an affidavit in support of the motion, Berthony Cineas asserted, among other things, that he did not understand that he had court dates after his initial pro se appearance. Landlord opposed the motion. By order dated May 30, 2018, the Civil Court (Thomas M. Fitzpatrick, J.), in effect, granted Berthony Cineas leave to reargue and adhered to the original determination, denying his motion to vacate the default judgment for the reasons stated in the prior order.

To warrant the vacatur of the default final judgment pursuant to CPLR 5015 (a) (1), occupants had to demonstrate a reasonable excuse for their respective defaults and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). In the case at bar, the Civil Court (Daniele Chinea, J.) had adjourned the proceeding and held in abeyance a motion by landlord to depose occupant Berthony Cineas pending his referral to the Assigned Counsel Project (ACP). Occupant Berthony Cineas failed to appear on the adjourned date and at the inquest which followed approximately two weeks later; however, we find that, under the particular facts of this case, he offered a reasonable excuse
although more detailed than the first
excusable default. "[H]aving given up his right to challenge the denial of his first request to vacate the default by not appealing, he should not now be permitted to resurrect his challenge by bringing a second motion to vacate" and, thus, his "appeal from his second attempt to vacate the default judgment should be dismissed" (id. at 848).

Berthony Cineas' appeal should be dismissed because the May 30, 2018 order was actually one denying reargument from which no appeal lies (see Viola v Blanco, 1 AD3d 506 [2003]). Although a party may bring successive motions to vacate a default on different grounds (see Glendora v Mastrorilli, 14 Misc 3d 87 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), here, Berthony Cineas' second motion to vacate the default final judgment was essentially the same as his first motion (see Shannon v Ifemesia, 166 AD3d 699 [2018]). Both motions sought to vacate the judgment on the ground of excusable default, and the court denied the second motion for the reasons stated in the first. Contrary to the majority's opinion, nothing in the court's single sentence denial can be construed as granting occupant reargument. The court did not address the merits of occupant's second motion and denied it solely "for the reasons stated" in the prior order (cf. High Definition MRI, P.C. v Mapfre Ins. Co. of NY, 148 AD3d 470 [2017] [although order on reargument purportedly denied plaintiff's motion to reargue, the order was appealable because the court addressed the merits of plaintiff's motion]). Nor can occupant's second motion be construed as one to renew, as it was not based upon new facts which were unavailable to him on the prior motion (see Cripps v Dibisceglie, 172 AD3d 1305 [2019]). Since the court below, in effect, denied occupant's motion to argue, occupant's appeal from that denial should be dismissed (see CPLR 2221[d] [2]; Mountains Realty Corp. v Gelbelman, 29 AD3d 874 [2006]).

Assuming, however, the order is appealable, I disagree with the majority's conclusion that Berthony Cineas established an excusable default. A defendant seeking to vacate a judgment [*3]entered upon his or her default must demonstrate both a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). What constitutes a reasonable excuse lies within the sound discretion of the motion court (see U.S. Bank, N.A. v Essaghof, 178 AD3d 876 [2019]). In my opinion, the Civil Court did not improvidently exercise that discretion in rejecting Berthony Cineas' excuse for his failure to appear in this action more than a year after his last appearance. Although Berthony Cineas maintains that he was a self-representing, unsophisticated litigant who was under the impression that he did not have a future court date, he still had an obligation to meet the same burdens as those who are represented by counsel (see Limani Realty, LLC v Zayfert, 40 Misc 3d 32, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). While I am not unsympathetic to this litigant, as a jurist, I must be mindful of my role to administer justice fairly and evenly, without regard to sympathy and no matter how unfair the outcome may seem.

Accordingly, I vote to dismiss Berthony Cineas' appeal from the May 30, 2018 order and otherwise affirm the order.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 12, 2020

Footnotes

Footnote 1: Landlord asserted this argument both on appeal and in its opposition to Berthony Cineas' second motion to vacate the judgment.

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>