Matter of Uccellini (2021 NY Slip Op 01303)





Matter of Uccellini


2021 NY Slip Op 01303


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530868

[*1]In the Matter of the Estate of Walter J. Uccellini, Deceased. Luck Builders, Inc., Appellant; Michael J. Uccellini, as Coexecutor of the Estate of Walter J. Uccellini, Deceased, Respondent, et al., Respondents.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


O'Connell & Aronowitz, Albany (Paul A. Feigenbaum of counsel), for appellant.
Kelley, Drye & Warren, LLP, New York City (Vincent P. Rao II of counsel), for Michael J. Uccellini, respondent.



Garry, P.J.
Appeal from an order of the Surrogate's Court of Albany County (Pettit, S.), entered November 1, 2019, which dismissed petitioner's application, in a proceeding pursuant to SCPA 1809, to determine the validity and priority of a claim filed against the estate.
Prior to his death, Walter F. Uccellini (hereinafter decedent) and his company were defendants in an action commenced by petitioner. In June 2012, decedent and petitioner entered into a settlement stipulation before Supreme Court (Ryan, J.), whereby decedent or his company, in exchange for a release, would pay petitioner a certain amount within 60 days of the stipulation. The settlement stipulation further provided that, if decedent or the company failed to remit the agreed-upon amount within 60 days, the court would issue a judgment for the full amount in dispute, including interest and costs. Payment was not remitted within 60 days and, in August 2012, decedent died. In September 2012, the court issued a judgment and order against decedent and his company for the full amount in dispute, together with interest and costs. The judgment and order were entered in the Clinton County Clerk's office on November 19, 2012. Decedent's estate made a partial payment to petitioner thereafter in December 2012. Meanwhile, decedent's will had been admitted to probate in Albany County Surrogate's Court. Petitioner filed a verified claim against the estate, and thereafter filed a transcript of judgment in the Albany County Clerk's office. In 2015, both coexecutors of the estate filed interim accountings for the estate, listing petitioner's claim as a "[c]ontingent and possible claim[]."
In June 2018, petitioner commenced this proceeding pursuant to SCPA 1809, arguing that, although the judgment was entered after decedent's death, petitioner was entitled to priority over other creditors (see SCPA 1811 [2] [c]). Respondent Michael J. Uccellini (hereinafter respondent), a coexecutor of decedent's estate, objected, arguing that petitioner was not entitled to priority because the judgment was not perfected prior to decedent's death.[FN1] Surrogate's Court determined that petitioner was not entitled to priority over other creditors. Petitioner appeals.
CPLR 5016 (d) states that "[n]o verdict or decision shall be rendered against a deceased party, but if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise pursuant to [CPLR] 3221, judgment shall be entered in the names of the original parties." As the underlying judgment is based upon a stipulation of settlement placed upon the record, rather than a verdict or decision, this statute does not expressly apply. Petitioner thus argues that former Civil Practice Act § 478 — the predecessor to CPLR 5016 (d) — and case law support a broad interpretation of CPLR 5016 (d), by which the settlement stipulation in this matter would be deemed to qualify as an "accepted offer to compromise pursuant to [CPLR] 3221" (CPLR [*2]5016 [d]; see Matter of Herrick , 170 Misc 465, 466 [Sur Ct, NY County 1939]; 2A Carmody-Wait § 11:13; 27A Carmody-Wait 2d § 159:101; 1 NY Jur 2d, Actions § 124; compare Nicholson v McMullen , 176 Misc 693, 695 [Sup Ct, NY County 1941]).
An "accepted offer to compromise pursuant to [CPLR] 3221" (CPLR 5016 [d]) refers to a precise mechanism, which allows a party against whom a claim is asserted, 10 days before trial, to "serve upon the claimant a written offer to allow judgment to be taken against him [or her] for a sum or property or to the effect therein specified, with costs then accrued. If within [10] days thereafter the claimant serves a written notice that he [or she] accepts the offer, either party may file the summons, complaint and offer, with proof of acceptance, and thereupon the clerk shall enter judgment accordingly" (CPLR 3221). Here, there was no written offer or written acceptance; rather, the stipulation occurred on the record before Supreme Court,[FN2] and the filing in the Clerk's Office occurred after petitioner secured the judgment and order from Supreme Court (compare 41 NY Jur 2d, Decedent Estates § 1921; 10 New York Civil Practice: CPLR ¶ 5016.14).
We decline to adopt the broad interpretation of CPLR 5016 (d), as petitioner urges, encompassing former Civil Practice Act § 478 and thus permitting "the merely clerical act of entering the judgment" when the merits of the controversy have been decided prior to a decedent's death (David v Ross , 259 App Div 577, 580 [1940]; see Matter of Skorepa v Capek , 266 App Div 898, 898-899 [1943], affd 293 NY 738 [1944]; Nicholson v McMullen , 176 Misc at 695). The Legislature, in creating CPLR 5016 (d), set forth three distinct situations where a post-mortem judgment may be entered against the decedent in his or her own name, thus bestowing priority to the creditor. None of these three provisions was met here. Accordingly, applying the language of the governing statute, we find that Surrogate's Court properly determined that petitioner was not entitled to priority under SCPA 1811 (2) (c).
Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. A stipulation of settlement placed on the record in open court is binding and enforcement promotes the dual policy objectives of providing assurance to litigants "that courts will honor their . . . agreements" while "also promot[ing] judicial economy" (McCoy v Feinman , 99 NY2d 295, 302 [2002]; see CPLR 2104; Hallock v State of New York , 64 NY2d 224, 230 [1984]). There is no dispute here that, on June 11, 2012, counsel for both petitioner and Walter F. Uccellini (hereinafter decedent) placed a binding, comprehensive stipulation on the record in Supreme Court to resolve a significant contractual dispute. The stipulation called for decedent and his company, American Construction Companies, to pay petitioner $1,755,000 within 60 days or, otherwise, the court would issue a judgment in petitioner's favor [*3]in the full sum of $1,935,987.22 with interest and costs. The consideration for this agreement is clear: timely payment would reduce decedent's potential obligation by over $180,000 while promoting petitioner's interest in securing actual payment. Payment was not made within the stipulated 60 days and, five days later, decedent passed away. On September 24, 2012, Supreme Court issued an order and judgment against decedent and his company for the full amount due under the stipulation, which was entered in the Clinton County Clerk's office on November 19, 2012.
At issue is whether this judgment has priority over other creditors as a claim against decedent's estate. Pursuant to SCPA 1811 (2) (c), priority is authorized for "[j]udgments docketed and decrees entered against the decedent." Pertinent here, CPLR 5016 (d) provides that "[n]o verdict or decision shall be rendered against a deceased party, but if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise pursuant to [CPLR] 3221, judgment shall be entered in the names of the original parties." The issue distills to whether the subject stipulation falls within the embrace of this provision. Applied literally, the majority has concluded that it does not. Considering that the purpose of this provision is to give effect to disputes effectively resolved on the merits (see David D. Siegel & Patrick M. Connors, NY Prac § 185 at 357 [6th ed 2018]), it is my view that the statute should be more broadly construed to include the stipulation at hand.
CPLR 5016 remains substantively unchanged from former Civil Practice Act § 478 (see Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5016 at 506). Notably, "it is a recognized principle that where a statute has been interpreted by the courts, the continued use of the same language by the Legislature subsequent to the judicial interpretation is indicative that the legislative intent has been correctly ascertained" (Matter of Knight-Ridder Broadcasting v Greenberg , 70 NY2d 151, 157 [1987]). Case law interpreting the former provision provides guidance in resolving the question presented (see e.g. State of New York v Seventh Regiment Fund , 98 NY2d 249, 254-258 [2002]; Da Silva v Musso , 76 NY2d 436, 441 [1990]). Courts have previously recognized that "[t]he purpose of [former Civil Practice Act § 478] is to permit the entry of a judgment where the merits of a controversy have, in substance, been passed upon before the death of the party against whom judgment is sought. If they are decided before such a death, the section authorizes the merely [ministerial] act of entering a judgment" (Davis v Ross , 259 App Div 577, 580 [1940]; accord Matter of Taylor , 178 Misc 217, 218 [Sur Ct, Westchester County 1942]; see generally A to Z Assoc. v Cooper , 232 AD2d 196, 196 [1996], appeal dismissed 89 NY2d 981 [1997]; Commrade v Commrade , 29 AD2d 870, 871 [1968]).
In Matter of Herrick (170 Misc [*4]465 [Sur Ct, NY County 1939]), the court was confronted with a factual scenario similar to the one at hand. The parties stipulated to resolve an action commenced in City Court by having the defendant pay the amount due on an installment basis. The stipulation provided that if the defendant died prior to completing payment, the plaintiff was entitled to a judgment against the defendant (not his estate) for the balance due. Finding that the plaintiff was entitled to priority against the defendant's estate, Surrogate's Court concluded that "the stipulation was equivalent to an accepted offer to allow judgment to be taken within the provisions of . . . Civil Practice Act [§ 478]" (id. at 466). The same outcome should attend here.
The decision in Nicholson v McMullen (176 Misc 693 [Sur Ct, NY County 1941]), reaching a somewhat different conclusion, may be readily distinguished. As in Herrick , the parties in Nicholson resolved a contractual dispute by stipulating to payment of the amount due in monthly installments, while allowing entry of judgment against the defendant for the remaining amount due upon a default. Notably, "at the time of his death the defendant was not in default" (id. at 694). In that context, the court discounted Herrick and concluded that the action had abated such that a judgment based on the stipulation could not be given priority against the defendant's estate. But here, as in Herrick , the default occurred prior to decedent's passing. In such an instance, this Court has recognized that a proceeding to recover an award made prior to the death of a debtor does not abate (see Matter of Skorepa v Capek , 266 App Div 898, 898-899 [1943], affd 293 NY 738 [1944]).
Consistent with the legislative purpose of CPLR 5016 (d) and the judicial policy of promoting settlements, it is my view that the subject stipulation is the equivalent, if not more, of an "accepted offer to compromise pursuant to [CPLR] 3221" such that the judgment should be given priority under SCPA 1811 (2) (c) (CPLR 5016 [d]). I respectfully conclude that the decision should be reversed and the petition granted.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Surrogate's Court noted that, although all fiduciaries, beneficiaries and creditors of decedent's estate were cited, only respondent appeared in this proceeding.

Footnote 2: At oral argument, petitioner asserted that the settlement stipulation is contained in a signed transcript from Supreme Court. However, CPLR 3221 refers to signed writings by "any party against whom a claim is asserted" and "claimant." These statutory terms do not include a transcript signed by a court reporter, as presented here.