Samuels v Mpantas (2021 NY Slip Op 51030(U))

[*1]

Samuels v Mpantas

2021 NY Slip Op 51030(U) [73 Misc 3d 135(A)]

Decided on October 28, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 28, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2018-2064 N C

Donna Samuels, Appellant,
against
Nina Mpantas and Bob Mpantas, Respondents.

Donna Samuels, appellant pro se.
James Douglas, for respondents (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Scott
Fairgrieve, J.), entered September 12, 2018. The judgment, insofar as appealed from, after a
nonjury trial, dismissed the complaint.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this action, plaintiff seeks to recover damages based on the alleged breach of her
apartment lease by her former landlord, defendant Nina Mpantas, and based on defendant Bob
Mpantas's alleged damaging and converting some of plaintiff's property. Defendants denied
liability and asserted counterclaims based on plaintiff's alleged destruction of the premises and
her abuse of process. At a nonjury trial, plaintiff testified that she had leased an apartment from
defendant Nina Mpantas, and that Ms. Mpantas had violated a contractual obligation by leasing a
downstairs apartment to people who kept pets, smoked, and otherwise disturbed her. Plaintiff
indicated that her health had been impacted and her property had been damaged by the
downstairs tenants' behavior. Plaintiff further testified that, shortly before the expiration of her
tenancy, in her absence, defendant Bob Mpantas had entered her apartment without permission,
and had destroyed and removed some of her property. Defendant Bob Mpantas denied plaintiff's
claims and asserted that plaintiff had damaged the apartment. Following the trial, the District
Court dismissed the complaint and the counterclaims based on the parties' failure to prove their
prima facie cases. Plaintiff appeals from so much of the judgment as dismissed her complaint.

Proof of damages is an essential element of a cause of action for conversion (see
Henderson v Holley, 112 AD2d 190 [1985]; Dixon v Public Stor., 65 Misc 3d 131[A], 2019 NY [*2]Slip Op 51577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]; Schussheim v Snitkoff,
55 Misc 3d 150[A], 2017 NY Slip Op 50732[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2017]). Since, at trial, plaintiff failed to describe the specific items of her property that had
allegedly been damaged or converted, to establish the condition, age, or cost of the items, or to
provide any expert evidence about their value, the District Court properly dismissed the trespass
to personalty and conversion causes of action based on plaintiff's failure to prove a prima facie
case. Moreover, contrary to plaintiff's trial testimony, there was no contract clause presented
establishing defendant's obligation not to rent the downstairs apartment to anyone who owns pets
or smokes. 
In her appellate brief, plaintiff makes several assertions about the conduct of the trial and the
trial court's alleged conflict of interest and prejudice against her, which we do not consider
because they are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]). We
note that a self-represented litigant, such as plaintiff, acquires no greater rights than any other
litigant (see e.g. Roundtree v Singh, 143 AD2d 995 [1988]; Garcia v Cater, 66 Misc 3d
151[A], 2020 NY Slip Op 50310[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 28, 2021