Basmanov v Shiwcharan (2024 NY Slip Op 00671)

Basmanov v Shiwcharan

2024 NY Slip Op 00671

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 302918/16 Appeal No. 1612-1612A Case No. 2023-00095 

[*1]Bozhena Basmanov, Plaintiff-Respondent,
v
Bisram Shiwcharan, Defendant-Appellant.

Lanin Law P.C., New York (Scott L. Lanin of counsel), for appellant.
Law Offices of Edmond J. Pryor, Bronx (Edmond J. Pryor of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marissa Soto, J.), entered December 12, 2022, awarding plaintiff the total sum of $900,729.50, and bringing up for review an order, same court and Justice, entered November 30, 2022, which, after a bench trial, awarded plaintiff money damages against defendant and dismissed defendant's assault and battery and property damage counterclaims, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court's evidentiary rulings did not improperly prevent the pro se defendant from presenting his case. Although defendant contends that he was unable to enter certain documents into evidence, it was his choice to proceed pro se after having retained counsel earlier in the proceedings. While courts may afford a pro se litigant some latitude, a pro se litigant "acquires no greater right than any other litigant" and is "held to the same standards of proof as those who are represented by counsel" (Bloom v Hilpert, __ AD3d __, 2023 NY Slip Op 06798, *1 [1st Dept 2023] [internal quotation marks omitted]; see Roundtree v Singh, 143 AD2d 995, 996 [2d Dept 1988]). The record reflects that the court afforded defendant a substantial amount of latitude in presenting his opposition and his case on his counterclaims, even encouraging defendant to testify by narrative when he initially concluded it was unnecessary.
Most of defendant's arguments on appeal are unpreserved, including his argument that the lease submitted by plaintiff as part of her damages claim was impermissible hearsay. However, we note that plaintiff laid a proper foundation for its admission, as she identified the lease and its terms including rate and duration; discussed the negotiations that led to the lease and the reason why the amount was in excess of the market rate; and identified her signature. No evidence or testimony contradicted her representations (see Perfectly Reliable Constr., Inc. v 213 E. 26, LLC, 216 AD3d 580, 581 [1st Dept 2023]).
Nor do we find any reason in the record to question the court's findings of fact. On appellate review of a nonjury trial, "the findings of fact should be viewed in a light most favorable to sustain the judgment, due deference should be accorded Trial Term in matters of credibility, and the findings of fact should not be disturbed unless such determination could not have been reached under any fair interpretation of the evidence" (Matter of Metropolitan Transp. Auth., 86 AD3d 314, 320 [1st Dept 2011] [citation omitted]). Based on the record, the court's conclusion that defendant failed to make his prima facie case for entitlement to damages on his counterclaims is likewise entitled to deference.
We perceive no basis to modify or reverse the order and judgment in the interest of justice (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
We have considered defendant's remaining arguments and find them unavailing[*2].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024